**GARDNER v. EWING.**

Civ. A. No. 1887.

United States District Court
S. D. Ohio, W. D.
Jan. 11, 1950.

Theodore F. Gardner, Cincinnati, Ohio, for plaintiff.

Ray J. O'Donnell, United States Attorney, Frank J. Richter, Assistant United States Attorney, Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

This matter is before the Court on motions for summary judgment filed by the plaintiff and defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The present motions rest on the entire record, which at this time consists of the plaintiff's complaint and the defendant's answer, to which answer there has been attached and made a part thereof a certified copy of the transcript of the proceedings before the Referee, including the evidence upon which the findings and decision complained of are based. A stipulation as to facts admitted in evidence has been filed and the legal issues have been extensively briefed by both sides.

The claim upon which this action is founded arises under Title II of the Social Security Act, as amended, 42 U.S.C.A. § 401 et seq. More specifically, it is based upon Section 202(a) of the Act which provides for payment of a primary insurance benefit to a wage-earner who (1) is fully insured, (2) has attained the age of 65, and (3) has filed application for such benefits. The wage-earner herein, Charles L. Warner, filed his application for primary insurance benefits (being then over 65 years of age and fully insured) but failed to comply with the request of the Bureau of Old-Age and Survivors Insurance for documentary proof of his age and died thereafter without any further action having been taken.

After the wage-earner's death the plaintiff as executor of the latter's estate filed with the Board a claim for Lump Sum Death Payment and all other benefits due under the Act, submitting therewith proof of the wage-earner's age, which proof the Board accepted as satisfactory. The Bureau of Old-Age and Survivors Insurance approved the executor's claim for the Lump Sum Death Payment but denied liability for any additional benefits on the ground that the wage-earner had abandoned his claim by reason of his failure to supply proof of his date of birth within one year from the date of the Bureau's request therefor, such request having been made pursuant to Section 403.704(b) of the Federal Security Agency Regulations No. 3.

Plaintiff requested and obtained a hearing before a Referee of the Appeals Council of the Social Security Administration. The plaintiff was the only witness who testified but documentary evidence, consisting chiefly of the Board's own records, was received. Except for a slight discrepancy as to the wage-earner's date of birth (which under the circumstances is not material) the essential facts were not, and are not, in dispute. The Referee sustained the ruling of the Board on the ground that since the wage-earner abandoned his claim and had not filed a new application there was no application on which an award of primary insurance benefits could be computed. Ac-

cordingly he held that there was no authority for making an award of primary insurance benefits based upon the deceased's wage record, and that the claimant, as the executor of the wage-earner's estate, was not entitled to such benefits under the amended Social Security Act.

Request was duly filed with the Appeals Council for review of the Referee's decision, which request was granted. The plaintiff did not appear before the Appeals Council in Washington, D. C., but instead filed a brief setting forth his contentions. The Appeals Council, upon consideration of the record and brief, affirmed the decision of the Referee, the latter's findings of fact and statement of reasons being expressly adopted by the Appeals Council and made part of its decision. The decision of the Appeals Council, which constitutes the final decision of the Social Security Administration in this matter, was that the plaintiff as executor of the estate of Charles L. Warner, deceased, was not entitled to primary insurance benefits under Title II of the Social Security Act based upon the deceased wage-earner's wage record.

The present action was filed in this Court pursuant to Sec. 205(g) of the Social Security Act to reverse the decision of the Social Security Administration and for judgment that the plaintiff is entitled to primary insurance benefits under Sections 201–209 of Title II of the Social Security Act, as amended. Under Sec. 205(b) of the Act the Board is directed to make findings of fact and under Sec. 205(g) such findings, if supported by substantial evidence, are conclusive. Since a finding of fact, strictly speaking, involves a determination where the evidence is conflicting and since the essential facts here were not in dispute there was never any necessity for any "findings of fact" properly so called. The undisputed facts upon which the decision of the Referee is based are set forth in the opinion of the Referee dated November 24, 1947, and in the decision of the Appeals Council dated February 4, 1948, as revised February 27, 1948. Among the mass of evidence contained in the record are the following "Facts" which the Court regards as pertinent to the issues here involved, to-wit:

I. Whether or not the deceased wage-earner lost his rights to primary insurance benefits under the Social Security Act by reason of his failure to supply additional evidence as to the date of his birth, after he had been notified by the Social Security Board, pursuant to Sec. 403.704(b) of the Regulations that his failure to supply the additional evidence within a period of one year from the date of the notice would be considered an abondonment of his application; and

II. Whether the rights, if any, of the deceased wage-earner to unpaid primary benefits under the Social Security Act, during his lifetime, passed to his estate upon his death, or whether, on the other hand, the disposition of such unpaid primary benefits is governed by the provisions of the Social Security Act itself.

From the facts thus selected, the Court draws the "Conclusions of Law" stated hereinafter and directs judgment accordingly.

### Facts

1. Plaintiff is the executor of the estate of Charles L. Warner, deceased, acting under letters issued out of the United States District Court for the District of Columbia (Sitting in Probate), and residing in Cincinnati, Ohio.

2. Defendant is the Federal Security Administrator acting under authority of Reorganization Plan No. 2 of 1946, Sec. 4, 11 F.R. 7873, 60 Stat. 1095, effective July 16, 1946, 5 U.S.C.A. § 133y—16 note; 42 U.S.C.A. §§ 901, 902, 903 and 904.

3. At all times mentioned herein there were in full force and effect Sections 201 to 209, inclusive, under Title II of the Social Security Act, as amended, 42 U.S.C.A. §§ 401–409, hereinafter for convenience referred to as the Social Security Act, or simply as the Act.

4. Jurisdiction of this action is conferred upon this Court by Sec. 205(g) of the Social Security Act.

5. Plaintiff's claim is grounded upon Section 202(a) of the Social Security Act which reads as follows: "(a) Every individual, who (1) is a fully insured individual (as defined in section 209(g) of this

320

title) after December 31, 1939, (2) has attained the age of sixty-five, and (3) has filed application for primary insurance benefits, shall be entitled to receive a primary insurance benefit (as defined in section 209 (3) of this title) for each month, beginning with the month in which such individual becomes so entitled to such insurance benefits and ending with the month preceding the month in which he dies."

6. Charles L. Warner, sometimes hereinafter referred to as the wage-earner, entered covered employment in October, 1941, and continued in covered employment until June, 1944.

7. With the exception of the last quarter of 1942 and the first quarter of 1943, the wage-earner was paid not less than $50.00 in wages in each quarter between October, 1941, and June 2, 1944, on which latter date his covered employment ceased.

8. During the period specified in finding No. 7. the wage-earner received wages totaling $6,039.23, and made all contributions required of him to be made under the Act.

9. The wage-earner attained age 65 on September 11, 1938.

10. On July 11, 1944, the wage-earner made, executed and filed with the Social Security Administration his application for primary insurance benefits.

11. The Social Security Board (the functions of which and members whereof were transferred to the Federal Security Administration under Reorganization Plan No. 2 of 1946) promulgated Regulations No. 3 which included, among others, Section 403.-704(b) which reads as follows: "Whenever, after the filing of an application for benefits or a lump sum or a request for wage-record revision, additional evidence or information is asked for by the Administration, by written notice mailed to the applicant at his last known address, the applicant's disregard thereof for a period of one year from the date of mailing shall be considered as an abandonment of such application or request. Thereafter the Administration will take further action only upon the filing of a new application or request unless it is shown that such disregard by the applicant was due to a cause or causes not reasonably within his control."

12. The Bureau of Old-Age and Survivors Insurance of the Social Security Administration disallowed the wage-earner's claim for "failure to prosecute" and on July 22, 1944, sent to the wage-earner an explanatory letter which recited that failure to supply the additional evidence requested within a period of one year of the date of mailing would be considered an abandonment of the application.

13. The wage-earner failed to furnish the additional information referred to in the Bureau's letter of July 22, 1944, or to prosecute further his claim in any manner.

14. The application referred to in finding No. 10 was the only application for primary insurance benefits filed by the wage-earner.

15. There is no evidence in the record of a physical or other condition which might account for the wage-earner's failure to obtain the necessary proof of age or his failure to contact the Board about that matter between July, 1944, and the date of his death.

16. The wage-earner died on April 19, 1946.

17. On September 30, 1946, the plaintiff as executor of the wage-earner's estate, made, executed and filed with the Social Security Administration in his application for a lump sum death benefit and all other benefits payable to the estate based upon the deceased wage-earner's wage record.

18. Accompanying the application referred to in finding No. 17, the plaintiff submitted documentary evidence of the wage-earner's date of birth, which evidence was accepted by the Social Security Administration as satisfactory proof of the wage-earner's age.

19. The wage-earner was married only once; he had no children and his wife predeceased him.

20. The wage-earner during his lifetime and the plaintiff after the wage-earner's death performed all acts required on their part respectively to be performed,

and all requirements imposed by law upon them have been complied with.

21. All the duties imposed upon the Board under Section 205(b) of the Act in respect of the making of findings of fact and decisions, the holding of a hearing and the conducting of investigations or other proceedings authorized or directed under the Act have been fully performed by the Board.

22. On July 11, 1944, the Social Security Board was put on notice that the wage-earner had worked for the Navy Yard for many years and retired under Civil Service.

23. The Social Security Administration awarded the plaintiff a lump sum death payment but rendered its final decision that the plaintiff, as executor of the estate of the deceased wage-earner, was not entitled to receive primary insurance benefits based upon the deceased wage-earner's wage record.

24. The total amount of burial expenses of the deceased wage-earner paid by the plaintiff was $393.34.

25. The lump sum death payment awarded the plaintiff was in the amount of $128.46.

26. As an alternative ground of decision the Social Security Administration, acting through its Appeals Council, held that even if the deceased wage-earner be not barred under Sec. 403.704(b) of Regulations 3 for failure to submit additional proof of his age within one year, the amount of the wage-earner's allegedly underpaid primary insurance benefits to which the plaintiff might be found entitled could not exceed $264.88, this amount being the excess of total burial expenses paid by the plaintiff over the amount of the lump sum death benefit awarded to him.

## Conclusions of Law.

1. This Court has jurisdiction of the subject matter of this action and of the parties hereto by virtue of Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g).

2. Charles L. Warner, the wage-earner herein, was on July 11, 1944, a "fully insured individual" as defined in Section 209(g) of the Act.

3. A wage-earner's right to primary insurance benefits vests upon compliance with the three substantive requirements set forth in Section 202(a) of the Social Security Act. This conclusion does not in any way limit the right of the Board to withhold certification of a claimant as qualified for primary insurance benefits until the evidential requirements laid down by the Board within the scope of and pursuant to Section 205(a) of the Act have been fulfilled.

4. Section 403.702(b) of Regulations 3 requiring the furnishing of supporting evidence as to the wage-earner's age is valid, being within the scope of the rule making power conferred upon the Board under Section 205(a) of the Act. The furnishing of such proof of age is, however, a condition precedent to certification for payment of, not to the vesting of rights to, benefits under Title II of the Act.

5. Charles L. Warner's right to primary insurance benefits under Section 202(a) of the Social Security Act vested on July 11, 1944, upon filing of his written application for such benefits, this being the last of the three requirements set forth in said Section to be complied with.

6. Administrative bodies are creatures of statute. They have no common law powers and possess only such powers as may be conferred upon them in the statute which authorizes their creation.

7. An attempt on the part of an administrative agency to exercise powers beyond the scope of its delegated powers is a usurpation of legislative authority and is ineffective.

8. The power of an administrative agency to administer a federal statute and to prescribe rules and regulations to that end is not the power to make law, but the power to adopt rules and regulations to

322

carry into effect the will of Congress as expressed by the statute.

■ 9. A statute which confers upon an administrative agency the power to make rules and regulations does not give such agency the power to amend the statute by regulation.

■ 10. Regulations issued by a governmental agency to which the administration of a statute is committed may not expand or extend the provisions of the statute or add to the conditions of a right a condition not stated therein.

■ 11. Authority to promulgate a regulation in derogation of the common law will not be implied. Implied authority in an administrative agency to extend or modify a law may not be inferred from the grant of authority to enforce it.

■ 12. Where a statute empowers an administrative agency to make rules and regulations and to establish procedures, not inconsistent with the provisions of the Act, which are necessary or appropriate to carry out such provisions and the statute imposes no sanctions or penalties for failure to comply therewith, such administrative agency may not provide that failure to comply with its regulations will result in the loss of rights conferred by statute.

■ 13. A regulation of an administrative agency which is inconsistent with the provisions of a statute is void.

■ 14. An administrative agency acting under a grant of power to make rules and regulations and to establish procedures, not inconsistent with the provisions of the Act, which are necessary or appropriate to carry out such provisions, may, by regulation, make the furnishing of proof of an operative fact a condition precedent to certification for payment but may not provide that failure to furnish such proof shall nullify an act, the performance of which is, by statute, made a condition precedent to entitlement.

■ 15. Under a statute which requires an administrative agency to adopt reasonable and proper rules and regulations to regulate and provide for the nature and

extent of the proof and evidence and the method of taking and furnishing the same in order to establish the right to benefits thereunder, such agency may promulgate a regulation requiring a claimant to furnish supporting evidence as to right to receive benefits but may not provide that failure to furnish such evidence within a period certain shall operate to terminate rights to benefits which have become vested pursuant to statute.

16. A time limitation on the furnishing of proof is not necessary or proper under a statute (1) which confers upon an administrative agency full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of the act, which are necessary or appropriate to carry out such provisions, and (2) which requires such agency to adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits under such statute.

17. A regulation of an administrative agency which provides that whenever additional evidence or information is asked for by such agency, by written notice mailed to the applicant at his last known address, the applicant's disregard thereof for a period of one year from the date of mailing shall be considered as an abandonment of such application or request, and which further provides that thereafter such agency will take further action only upon the filing of a new application or request unless it is shown that such disregard by the applicant was due to a cause or causes not reasonably within his control, is not within the scope of a statute which confers upon such agency full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of the act, which are necessary or appropriate to carry out such provisions, and which requires such agency to adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same

in order to establish the right to benefits under such statute.

**18.** Section 403.704(b) of Regulations 3 is invalid as being (1) inconsistent with the provisions of sections 201–209 of Title II of the Social Security Act, as amended; (2) not necessary or appropriate to carry out such provisions; and (3) beyond the scope of the power delegated to the Social Security Board under and pursuant to Section 205(a) of the Act.

**19.** Charles L. Warner, the deceased wage-earner, did not lose his rights to primary insurance benefits under the Social Security Act by reason of his failure to supply additional evidence as to his date of birth, after he had been notified by the Social Security Board, pursuant to Section 403.704(b) of Regulations 3, that his failure to supply the additional evidence within a period of one year from the date of the notice would be considered an abandonment of his application.

**20.** Under general law an interest in property which an individual possesses at the time of his death passes to his personal representative upon his death unless such right is terminable or is otherwise limited by the terms of the instrument or statute creating such right.

**21.** The Old-Age Benefit provided for under Title II of the Social Security Act is not a gratuity but is an earned right which, when vested, constitutes property of the wage-earner.

**22.** Limitations in derogation of the common law will not be implied. There being no provision in the Social Security Act (1) making the right of the wage-earner to primary insurance benefits conditional upon his or her being alive to receive such payments, or (2) prohibiting the payment of such benefits to the legal representative of a deceased wage-earner, neither of such limitations will be implied where such implication would directly conflict with established legal principles.

23. Absent any provision in the Social Security Act making the right of the wage-earner to primary insurance benefits conditional upon his or her being alive to receive such payments, or prohibiting the payment of such benefits to a personal representative of a deceased wage-earner, the wage-earner's right to accrued and unpaid primary insurance benefits passes to the personal representatives of such deceased wage-earner.

**24.** Certification by the Board as required by Section 205(i) of the Act is without legal significance insofar as the rights of claimants for primary insurance benefits are concerned. Certification operates merely as official recognition of an existing right but does not enlarge old rights or create new ones.

**25.** The Social Security Act, as amended, must be given a reasonable interpretation in the light of its evident purpose.

**26.** Statutory prohibitions of assignments are generally held not to apply to transfers by operation of law.

**27.** In using the words "transferable or assignable" in Section 207 of the Social Security Act which reads "The right of any person to any future payment under sections 201-209 of this title shall not be transferable or assignable, at law or in equity, * * *", Congress intended to prohibit voluntary alienation by the wage-earner, nothing more.

**28.** Section 207 of the Social Security Act does not preclude the succession of rights from a decedent to his personal representative by operation of law.

**29.** The transfer to the deceased wage-earner's personal representative of the deceased wage-earner's rights to accrued and unpaid primary insurance benefits is not within the prohibition of Section 207 of the Social Security Act regardless of whether or not the wage-earner's claim to such benefits has been certified by the Board pursuant to Section 205(i) of the Act.

**30.** The right of Charles L. Warner to accrued primary insurance benefits

under the Social Security Act (which benefits vested during his lifetime and were not paid) passed upon his death to his executor, the plaintiff herein.

31. Section 204(a) of the Act is not applicable for the reasons (1) the only error made in this case was the "error of law" in rejecting this claim which kind of error is not within the purview of this section; and (2) the clear import of the section is to cover only cases where an error has been made with respect to payments to an individual under Sections 201–209, and no payment whatsoever has been made in this case.

32. Section 202(g) of the Act relates solely to lump sum payments and has no bearing upon accrued primary insurance benefits which vested during the wage-earner's lifetime and remained unpaid at his death.

33. The plaintiff, as executor of the estate of Charles L. Warner, deceased, is entitled to receive a primary insurance benefit, as defined in Section 209(e) of Title 11 of the Act, based upon the deceased wage-earner's wage record, for each month, beginning with the month in which the wage-earner became entitled to such insurance benefits and ending with the month preceding the month in which he died.

34. The plaintiff is entitled to judgment as follows:

(a) Judgment in accordance with Section 205(g) of the Social Security Act reversing the decision of the Social Security Administration.

(b) Judgment for the plaintiff and against the defendant for the accrued primary insurance benefits for the period from July, 1944, to March, 1946, both months inclusive.

(c) That the costs of this action be assessed against the defendant.

35. The plaintiff is further entitled to an order remanding the cause to the Social Security Administration for computation of the primary insurance benefits according to law.