**EWING v. GARDNER.**

No. 11188.

United States Court of Appeals
Sixth Circuit.

Dec. 20, 1950.

Joseph B. McGrath, Washington, D. C. (H. G. Morison, Washington, D. C., Ray J. O'Donnell, Frank J. Richter, Cincinnati, Ohio, on the brief; Edward H. Hickey, Joseph B. McGrath, Attorneys, Dept. of Justice, Washington, D. C., Ira Z. Acoff, Leonard B. Zeisler, Attorneys, Fed. Security Agency, Washington, D. C., of counsel), for appellant.

Theodore F. Gardner, Cincinnati, Ohio (Theodore F. Gardner, Cincinnati, Ohio), on the brief, for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

The appellant, as Federal Security Administrator, appeals from a judgment of the District Court which reversed a decision of the Federal Security Administrator denying the claim of appellee as executor of the estate of Charles L. Warner, deceased, to certain primary insurance benefits of said deceased as a wage-earner under the Social Security Act, as amended, 42 U.S.C.A. § 301 et seq. For the detailed facts and the reasons for the ruling, see Gardner v. Ewing, 88 F.Supp. 315.

On July 11, 1944, Warner, the wage-earner, being over 65 years of age, applied for primary insurance benefits under Section 202(a) of the Social Security Act as amended, Section 402(a), Title 42 U.S.C.A. The claim was disallowed because the wage-earner failed to furnish requested proof of his age. Warner thereafter died on April 19, 1946. On September 30, 1946, the appellee as executor of the wage-earner's estate filed with the Social Security Administration his application for a lump sum benefit and all other benefits payable to the estate based upon the deceased wage-earner's wage record. The appellee also submitted satisfactory documentary evidence of the wage-earner's date of birth, showing that he became 65 years of age on September 11, 1938. The Social Security Administration awarded the appellee a lump sum death payment, but ruled that the appellee as executor of the estate of the deceased wage-earner was not entitled to receive primary insurance benefits under the Act. The appellee sought a review of this ruling by filing the present action in the U. S. District Court. Section 405(g), Title 42 U.S.C.A. The District Court reversed the ruling and held that the appellee was entitled to recover from the appellant the primary insurance benefits payable under the Act for the period of July 1944 to March 1946 inclusive, and remanded the case to the Social Security Administration for computation of the benefits. The judgment also directed that the appellant pay the costs of the action. This appeal followed.

■ Section 202(a) of the Social Security Act as amended, Section 402(a), 42 U.S.C.A., under which the claim is made, requires three conditions to exist to entitle the wage-earner to the monthly primary insurance benefit, namely, (1) that he "is a fully insured individual", (2) "has attained the age of sixty-five," and (3) "has filed application for primary insurance benefits". If these three facts exist he is entitled by the wording of the statute "to receive a primary insurance benefit * * * for each month, beginning with the month in which such individual becomes so entitled to such insurance benefits * * *." Appellant contends that the wage-earner did not become entitled to the primary insurance benefit because he did not prove before his death that he was sixty-five when he filed his application. We do not agree. The statute refers to the existence of the fact, not to the furnishing of evidence to prove the fact if its existence should be questioned. Satisfactory proof was subsequently furnished to the Administrator. Accordingly, on July 11, 1944, when the application was filed the three conditions or facts necessary under the statute to entitle the wage-earner to receive the monthly primary insurance benefit actually existed. His right to the monthly primary insurance benefit accrued at that time. There is nothing in the Act which requires that proof of the fact that the applicant has attained the age of sixty-five be furnished during the applicant's lifetime. In the absence of an express provision in the statute to the contrary, the furnishing of such proof is a condition precedent to payment, but not to liability. Love v. Northwestern National Ins. Co., 5 Cir., 119 F.2d 251; Lydon v. New York Life Ins. Co., 8 Cir., 89 F.2d 78. Compare: Patterson, Exec. v. National Life & Accident Ins. Co., 6 Cir., 183 F.2d 745; Ewing v. Risher, 10 Cir., 176 F.2d 641.

■ Appellant relies upon Social Security Administration Regulation No. 3, Title 20 CFR, Cum.Supp., Ch. III, Part 403. Section 403.704(b) of the Regulation provides—"Whenever, after the filing of an application for benefits * * *, additional evidence or information is asked for by the Board, * * * the applicant's disregard thereof for a period of one year

784

\* \* \* shall be considered as an abandonment of such application or request. Thereafter the Board will take further action only upon the filing of a new application or request unless it is shown that such disregard by the application was due to a cause or causes not reasonably within his control. \* \* \*." Section 205(a) of the Social Security Act as amended, Section 405(a), Title 42 U.S.C.A. gives the Board authority to make rules and regulations and to establish procedures not inconsistent with the provisions of the Act, which are necessary or appropriate to carry out such provision. The appellant contends that under the Regulation the wage-earner abandoned his application and that appellee's present claim is barred. The District Judge held the Regulation invalid, in that it is inconsistent with the provisions of the Act. There is nothing in the Act which provides for forfeiture for failure to prosecute with diligence. We are of the opinion that it does not necessarily follow that the Regulation is invalid. If it is construed as cancelling or forfeiting rights which previously accrued upon the filing of the application, it is an invalid restriction placed upon the rights conferred by the statute. But if it is construed as dismissing without prejudice a proceeding to enforce existing rights and thus, for administrative purposes, clearing the files of pending but unprosecuted proceedings without a forfeiture of the existing rights, it is a reasonable, valid administrative provision. In either event, it is not a bar to the present action. There is nothing in the Act which during the lifetime of the wage-earner bars the prosecution of a claim for primary benefits after a previous proceeding has been dismissed without prejudice. If the wage-earner had a valid claim at the time of his death, his administrator can enforce that claim as an asset of the estate by proper proceeding for the benefit of the estate.

We do not agree with appellant's contention that appellee, as Executor, can not prosecute the claim. Although he is not a beneficiary designated by the Act, he is enforcing the claim of a beneficiary who is designated by the Act. Beers v. Federal Security Administrator, 2 Cir., 172 F.2d 34; Baumet v. United States, 2 Cir., 177 F.2d 806. The right of the wage-earner to the primary benefit is not a gratuity, but is a property right which can be enforced by court action. Dismuke v. United States, 297 U.S. 167, 170, 56 S.Ct. 400, 80 L.Ed. 561; Lynch v. United States, 292 U.S. 571, 576–577, 54 S.Ct. 840, 78 L.Ed. 1434. Section 207 of the Act, Sec. 407, Title 42 U.S.C.A. prohibiting the assignment of any future payment is not applicable to the present case which deals with accrued payments.

The right to assess costs against the Administrator has been previously upheld by this Court in a similar situation. Walling v. Crown Overall Mfg. Co., 6 Cir., 149 F.2d 152. See also Reconstruction Finance Corp. v. J. G. Menihan Corp., 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595. We recognize the contrary ruling in Walling v. Norfolk Southern Ry. Co., 4 Cir., 162 F.2d 95 and Walling v. Frank Adam Electric Co., 8 Cir., 163 F.2d 277, but feel that the prior ruling of our own circuit is controlling.

The judgment is affirmed.