JACOB R. WARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ward v. Commissioner
Docket No. 9280-77.
United States Tax Court
T.C. Memo 1979-39; 1979 Tax Ct. Memo LEXIS 485; 38 T.C.M. (CCH) 150; T.C.M. (RIA) 79039; January 29, 1979, Filed Paul A. Butler, for the petitioner. Thomas G. Norman, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax for the calendar years 1973, 1974, 1975 and 1976 in the amounts of $ 864, $ 1,042.80, $ 1,113.90 and $ 1,208, respectively. The only issue for decision is whether petitioner is liable for the tax on self-employment income under sections 1401 and 1402, I.R.C. 1954, [1] for each of the years here in issue. All of the facts have been stipulated and are found accordingly. Petitioner, who resided in Houston, Texas, at the time of the filing of his petition and amended petition in this case, filed individual Federal income tax returns for each of the years 1973, 1974, 1975 and 1976 with the District Director of Internal Revenue, Austin, Texas. During the years 1973 through 1976, petitioner *487 was a self-employed salesman for Lubrication Engineer, Inc. of Ft. Worth, Texas. From this employment petitioner earned self-employment income within the meaning of section 1402(b) in the following amounts: Taxable Year
Net Earnings
1973
$ 13,462.00
1974
18,861.03
1975
18,960.43
1976
20,319.45
These amounts were reported as income by petitioner on his Federal income tax returns for the respective years. Petitioner paid no self-employment tax during the years 1973 through 1976. Attached to petitioner's Federal income tax return for the year 1973 is a Form 4029 (Application for Exemption From Tax on Self-Employment Income and Waiver of Benefits). This form, which is unsigned, shows petitioner's name, address and social security number, and is dated March 8, 1974. Following the printed words, "I certify that I am and continuously have been a member of," on this form is the notation "N/A." This notation appears on the line above the parenthetical statement "Name of religious group." On the following line above the parenthetical notation "District and location" is the following: "(See Pending Decision - Letter)." At the bottom of the form on the line following *488 the words, "Religious group," again appears "N/A" above the parenthetical word, "Denomination." On the following line above the parenthetical words, "Authorized spokesman," and "Title" appears the following: "(See Letter)." On or about April 15, 1977, petitioner filed another Form 4029 (Application for Exemption From Tax on Self-Employment Income and Waiver of Benefits) with the Internal Revenue Service in Austin, Texas. On the form following the printed words, "I certify that I am and continuously have been a member of," appears the statement: "the conscientiously opposed to payments to social security group" and on the line following the word, "since," appears "01 01 73." At the bottom of the page in the blank space preceding the words, "of which I am a member," appears the typewritten statement: "The conscientious group." On the following line above the parenthetical words, "Authorized spokesman, Title and Address," appears "Jacob R. Ward Chairman 1816 Elemen Apartment 12 Houston, Tx. 77011." This Form 4029 is signed by petitioner. By letter dated June 27, 1977, from the Internal Revenue Service petitioner was informed that since he had not established that he qualified *489 as a duly ordained minister or as a member of a qualified religious faith under sections 1402(e) and (g) of the Internal Revenue Code, it is determined that you are liable for self-employment tax * * *. Petitioner has not filed with the Internal Revenue Service Form 4361, which is an application for exemption from self-employment tax for use by ministers, members of religious orders, and Christian Science practitioners. In his notices of deficiency to petitioner for the years here in issue respondent determined deficiencies in petitioner's income tax based upon his liability for self-employment tax. Section 1401 provides for taxes on self-employment income as defined in section 1402(b). Petitioner has stipulated that he received in each of the years here in issue self-employment income within the definition of section 1402(b). Section 1402(e) exempts from this tax ordained, commissioned, or licensed ministers, members of a religious order or Christian Science practitioners with respect to services performed as such minister, member, or practitioner upon the filing of a proper application. Petitioner makes no contention that he is entitled to an exemption within this provision. *490 Section 1402(h), [now section 1402(g)] as in effect for the years here in issue, provides for exemption from self-employment tax of an individual who is a member of a recognized religious sect where the established tenets or teachings of such sect causes him to be conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement. A taxpayer is required to file an application for the exemption provided for in section 1402(h). This section carries further requirements, but they are not material here since petitioner specifically states he does not conted that he falls within the provisions of section 1402(h) as applicable to the years here in issue.
Petitioner's only arguments are that section 1401 and section 1402, as applicable to him, are unconstitutional because they violate the provision of Article I of the Constitution of the United States that: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof" and the provisions of Article XIV to the Constitution that no state shall "deprive any person of life, liberty or property *491 without due process of law; nor deny to any persons within its jurisdiction the equal protection of the laws." [2] Petitioner argues that the provisions of sections 1401 and 1402, in effect, require a person conscientiously opposed to acceptance of the benefits of any private or public insurance, which provides for death, oldage, disability or retirement benefits, to become a member of an established sect not of his choosing and therefore constitute a law providing for the establishment of a religion or prohibiting the free exercise by an individual of his chosen religion.He argues that section 1402, which limits an exemption from self-employment tax to members of recognized religious sects, deprives a person conscientiously opposed to the acceptance and the principle of public insurance of equal protection of the laws. *492 The arguments made by petitioner in this case have been dealt with in other cases before this Court. In Palmer v. Commissioner,52 T.C. 310 (1969), we stated at 313: The income tax imposed by the Social Security Act upon both employees and the self-employed has been held to be constitutional. Helvering v. Davis,301 U.S. 619 (1937); Cainv. United States,211 F.2d 375 (C.A. 5, 1954). In these cases no argument was made that the tax constituted an encroachment upon the free exercise of the taxpayer's religion. Petitioners have no religious scruples against the payment of taxes. However, they resist this particular tax because their individual religious beliefs prohibit them from receiving certain benfits funded by the tax. No doubt, this circumstance results in a financial sacrifice by petitioners in order to observe their religious beliefs. But, in exercising its constitutional function and duty to provide for the general welfare, a legislature may often formulate a program which places some indirect burden on the free exercise of some religious beliefs. The Supreme Court, in Braunfeld v. Brown,366 U.S. 599, 606 (1961), *493 stated: To strike down, without the most critical scrutiny, legislation which imposes only an indirect burden on the exercise of religion, i.e., legislation which does not make unlawful the religious practice itself, would radically restrict the operating latitude of the legislature. Statutes which tax income and limit the amount which may be deducted for religious contributions impose an indirect economic burden on the observance of the religion of the citizen whose religion requires him to donate a greater amount to his church; * * * The list of legislation of this nature is nearly limitless.
Benefits under the Social Security Act, including death benefits, are not automatic; the right to them is accrued only when certain pre-conditions, including, in all instances, a filing of an application to receive the benefits, are met. 42 U.S.C. sec. 402 (e) through (i); see Ewing v. Gardner,185 F.2d 781 (C.A. 6, 1950). Petitioners have not shown how the imposition of the tax forces them to violate the tenets of their religion. Consequently, we see no occasion for applying so "heroic" a remedy as declaring the Social Security Act unconstitutional. *494 See Cohan v. Commissioner,39 F.2d 540 (C.A. 2, 1930). In the Palmer case, supra, we specifically held that the provisions of section 1402(h) were not unconstitutional because of limiting persons who might obtain exemption from the tax imposed by section 1401 to members of an established religious sect that meet the standards set forth in section 1402(h). Petitioner has made no argument not considered by us in the Palmer case, supra, and we adhere to our holding in that case. Petitioner's contention as to the applicability of Article XIV of the Constitution is without merit since the laws here involved are Federal laws and the provisions of Article XIV on which petitioner relies relate to states. However, in Henson v. Commissioner,66 T.C. 835 (1976), we considered contentions substantially similar to those made by petitioner here with respect to the violation of his rights under the 14th Amendment. The taxpayer in the Henson case, supra, was contending that the provisions of sections 1401 and 1402 violated her Fifth Amendment rights rather than the rights guaranteed under the 14th Amendment. In the Henson case, *495 supra at 838, in discussing the taxpayer's argument as to violation of her rights under the Fifth Amendment, we stated at 839: Section 1402(e) prescribes the conditions under which an individual who is "(A) a duly ordained, commissioned, or licensed minister of a church or a member of a religious order * * * or (B) a Christian Science practitioner" may obtain an exemption from self-employment tax imposed on income received "with respect to services performed by him as such minister, member, or practitioner." (Emphasis supplied.) This subsection was added to the Code by section 201(c) of the Social Security Amendments of 1954. In promulgating this exception the Senate Finance Committee indicated its basis for establishing the classification thereunder: an attempt to prevent interference with the well-established principle of separation of church and state. See S. Rept. No. 1987, 83d Cong., 2d Sess., 1954-2 C.B. 695, 701 (1954). A tax based on the compensation paid to a minister by his church might defeat that objective. But a tax based on petitioner's income as a bookkeeper would not constitute such an impediment. Furthermore, in Carmichael v. Southern Coal Co.,301 U.S. 495 (1937), *496 the Supreme Court said at page 509: It is inherent in the exercise of the power to tax that a state be free to select the subjects of taxation and to grant exemptions. * * * This Court has repeatedly held that inequalities which result from a singling out of one particular class for taxation or exemption; infringe no constitutional limitation. * * * We find that the different requirements for exemption from tax provided for the different classifications under sections 1402(e) and (h) have a rational basis and do not arbitrarily deprive petitioner of her right to due process of law. See Abney v. Campbell,206 F.2d 836 (5th Cir. 1953), cert. denied 346 U.S. 924 (1954). Nor do they provide for "an establishment of religion" or interfere with petitioner's "free exercise" of her religion. See William E. Palmer,supra, and the Memorandum Opinions following Palmer cited in n. 5. [Footnote omitted.] The argument made by petitioner with respect to his rights under the 14th Amendment to the Constitution are substantially the same as those made by the taxpayer in the Henson case, supra, with respect to her rights under the Fifth Amendment. *497 In our view, our conclusion in Henson v. Commissioner,supra, disposes of petitioner's arguments here that his rights under the provisions of the 14th Amendment to the Constitution are violated. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here involved, unless otherwise indicated.↩
2. This case was presented fully stipulated. The stipulated facts do not show that petitioner, in fact, is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement. However, in his memorandum filed with the Court in this case petitioner states that he is conscientiously opposed to such insurance even though he is not presently a registered minister or member of an established church or sect. In this memorandum petitioner states that at an early age he was licensed to preach by the Page Baptist Church, Page, Oklahoma. He further states that in 1959 he joined the United Unitarian Church and that both as a Baptist and as a Unitarian he has actively preached and expounded the Christian religion. Our decision in this case in no way rests on the absence of these factual statements in petitioner's brief from the stipulated facts in the record.↩