DONALD P. OWENS, FRANCES H. OWENS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Owens v. Commissioner
Docket No. 1374-78.
United States Tax Court
T.C. Memo 1979-79; 1979 Tax Ct. Memo LEXIS 444; 38 T.C.M. (CCH) 333; T.C.M. (RIA) 79079; March 12, 1979, Filed Donald P. Owens, pro se. Daniel J. Wiles, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by *445 Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: The respondent determined a deficiency in the petitioners' Fedeal income tax for the year 1975 in the amount of $470, because of a failure of the petitioners to report a tax due in that amount upon self-employment income under section 1401. The only contention advanced by the petitioners in opposition to the proposed assessment is that their personal religious convictions prevent them from voluntarily entering into any private or public insurance program and that, thus, the imposition of *446 this tax for social security purposes constitutes an infringement of their right to freedom of religion under the First Amendment to the Constitution of the United States. They state that it is not their purpose to argue against taxes, that they are supportive of the government's need and right to levy taxes on its citizens, and that they are willing taxpayers in this regard. They state further, however, that their personal religious convictions prevent them from participating in any program of insurance designed to protect themselves and their family. The petitioners filed a timely Federal joint income tax return for the year 1975. At the time the ptition herein was filed, they resided at Long Lane, Lancaster, Pennsylvania. Some of the facts in this case were stipulated by the parties. The facts so stipulated are incorporated herein by this reference. During the year 1975, petitioner Donald P. Owens (hereinafter referred to as petitioner) was a self-employed painter operating out of his home in Lancaster, Pennsylvania. From his painting business, petitioner derived a net profit in that year of $5,954. He was affiliated with a religious group known as the Plymouth Brethren *447 and, also, served as an itinerant preacher or teacher among members of this group. The petitioner freely admitted that the Plymouth Brethren is not a religious sect that has established tenets or teachings opposed to the acceptance of benefits of any public or private insurance. Thus, the petitioners, by their own admission, do not fall within the precise terms of the exemption from this tax granted by section 1402(h). [3]
They contend, however, with utmost candor and sincerity, that the provisions of the Social Security Act unduly restrict the free exercise of their religion by compelling them to participate in an insurance program. They further argue that the exemption of 1402(h) is so narrow in scope as to be unconstitutional, in that it extends a right or privilege to individuals with a particular religious belief only when they are members of a sect recognized as a body to have the same belief. It is their contention that the same right or privilege should extend to the individual who has this belief, even though it is not an official tenet of the sect to which he belongs. The *448 situation in this case is virtually the same as that presented in the case of Palmer v. Commissioner,52 T.C. 310 (1969). The opinion here expressed is based upon the opinion of this Court in that case. The income tax imposed by the Social Security Act upon both employees and the self-employed has been held to be constitutional. See Helvering v. Davis,301 U.S. 619 (1937); and Cain v. United States,211 F.2d 375 (5th Cir. 1954). Those cases, however, did not involve the question of an encroachment upon the taxpayer's free exercise of his religion. Here, as noted above, petitioners have no religious scruples against the payment of taxes. They resist this particular tax, because their individual religious beliefs prohibit them from receiving certain benefits funded by the tax. This, no doubt, requires a financial sacrifice by petitioners, if they are to observe their religious beliefs. It is recognized, however, that in exercising its constitutional function and duty of providing for the general welfare, the Congress may often formulate a program which places some indirect burden upon the free exercise of some religious beliefs. *449 In this connection, the United States Supreme Court, in Braunfeld v. Brown,366 U.S. 599, 606 (1961), states: To strike down, without the most critical scrutiny, legislation which imposes only an indirect burden on the exercise of religion, i.e., legislation which does not make unlawful the religious practice itself, would radically restrict the operating latitude of the legislature. Statutes which tax income and limit the amount which may be deducted for religious contributions impose an indirect economic burden on the observance of the religion of the citizen whose religion requires him to donate a greater amount to his church; * * * The list of legislation of this nature is nearly limitless. It should be noted, also, that benefits under the Social Security Act are not automatic and that the right to them is accrued only when certain conditions, including the filing of an application to receive the benefits, are met. 42 U.S.C. sec. 402(e) through (i); see Ewing v. Gardner,185 F.2d 781 (6th Cir. 1950). In this case, the petitioners have not shown how the imposition of the tax, alone, forces them to violate the tenets *450 of their religion, since they are not required to apply for, or to accept, the benefits. Consequently, there would seem to be no occasion for applying such a drastic remedy as declaring the Social Security Act unconstitutional. The petitioner contends that an individual with a belief that makes him conscientiously opposed to the acceptance of the benefits of any such private or public insurance program should be subject to the exemption provided by section 1402(h), even though opposition to the benefits of such insurance is not an established tenet of the sect to which he belongs. The petitioner overlooks the fact that, under section 1402(h)(1)(D), the exemption is only granted where it is demonstrated that the members of the sect having established tenets against such insurance also have an established practice of making provision for their dependent members, which in the judgment of the Secretary of Health, Education, and Welfare is reasonable in view of their general level of living. Thus, it is not the individual's belief, alone, that qualifies him for the exemption but the additional fact that the sect to whose tenets or teachings he adheres has made provision for its dependent *451 members. This limitation by the Congress of the exemption to members of religious sects having established tenets opposed to insurance, and having an established practice of making reasonable provision for their dependent members, was in keeping with the overall welfare purpose of the Social Security Act. This provision provided assurance that those qualifying for the exemption would be otherwise provided for in the event of their dependency. Congress could reasonably conclude that individuals on their own could not be relied upon to make such provisions. As stated by Justice Black and Justice Douglas in their concurring opinion in Board of Education v. Barnette,319 U.S. 624, 643 (1943): "No wellordered society can leave to the individuals an absolute right to make final decisions, unassailable by the State, as to everything they will or will not do." Congress has great latitude in formulating classifications within a taxing statute; and it cannot be said that this particular classification was so arbitrary as to be violative of due process of law. Section 1401, which imposes the self-employment tax, considered very recently in Abrahamson v. Commissioner,T.C. Memo. 1978-26, *452 was held to be constitutional by this Court. See also the recent decision of this Court in Krom v. Commissioner,T.C. Memo. 1978-230. Therefore, we conclude that the determination of the respondent must be sustained. * * *
In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. For taxable years after 1976, section 1402(h) has been redesignated as section 1402(g).↩