Angelo GUARINO, Executor of the Estate of Carmen Ciciretti, Deceased,

v.

Anthony CELEBREZZE, Secretary of Health, Education and Welfare.

Civ. A. No. 32437.

United States District Court E. D. Pennsylvania.

Oct. 10, 1963.

A. A. Guarino, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., by Joseph R. Ritchie, Jr., Asst. U. S. Atty., for defendant.

WOOD, District Judge.

This matter concerns an action to review [1] the final decision of the Secretary of Health, Education and Welfare, wherein the Secretary refused to make any payment of benefits to the *estate* of a deceased wage earner.

No dispute exists between the parties regarding the facts giving rise to this dispute. It seems that Carmen Ciciretti (wage earner) having attained the age of retirement under the provisions of the Social Security Act, and being fully insured thereunder, applied for old age retirement benefits under § 402 [2] of the Social Security Act on *July 16, 1958.* The wage earner died on *July 26, 1958.*

On *August 19, 1958*, not having notice of his death, the Department of Health, Education and Welfare issued a certificate of Social Security Award to the wage earner, awarding monthly retirement benefits of $84.74 *retroactive* to January of 1958. A check for $677.60 was forwarded to the deceased wage earner on September 4, 1958 and this sum included the months of July and August after the deceased wage earner's death.

Subsequently, on September 10, 1958 the plaintiff executor herein returned the check to the Social Security Administration (Administration) advising them of the death of the wage earner and his appointment as Executor, with instructions to reissue the check to him for the amount found due.

---

1. 42 U.S.C.A. § 405(g).

2. *Old-age and survivors insurance benefit payments—Old-age insurance benefits*
   (a) Every individual who—
   (1) is a fully insured individual (as defined in § 414(a) of this title),
   (2) has attained age 62, and
   (3) has filed application for old-age insurance benefits or was entitled to disability insurance benefits for the month preceding the month in which he attained the age of 65,
   *shall be entitled to an old-age insurance benefit for each month, beginning with the first month after August 1950 in which such individual becomes so entitled to such insurance benefits and ending with the month preceding the month in which he dies.* (42 U.S.C.A. § 402(a)) (Emphasis supplied)

This request was repeatedly refused by the Administration and the plaintiff was so advised by mail on December 15, 1958, and again on September 18, 1959. Following this series of events, the Administration advised the plaintiff that the amount claimed was paid over to Filomena Ciciretti, the surviving wife of the deceased wage earner, in Italy, who had not lived with him since 1910.

A hearing was held before an Examiner, who denied the plaintiff's claim on December 9, 1960. Thereafter, on December 16, 1960, the plaintiff appealed to the Appeals Council of the Department of Health, Education and Welfare. On October 26, 1962, the Appeals Council denied the plaintiff's request for review, without an opinion. Now, the plaintiff has brought this action to review the Secretary's final decision.

The plaintiff has filed a motion for judgment on the pleadings which we will treat as a motion for summary judgment. The defendant has also moved for summary judgment to affirm the Secretary's decision in this action.

This matter presents a single question of law for our consideration: Must a wage earner be alive when *payment* is made to create a vested right in his estate for all monthly Social Security benefits which *accrued* before his death?

The defendant argues that nothing vested in the wage earner because the Administration gave a favorable award on August 19, 1958, and the check was not mailed until September 4, 1958, all occurring after the death of the wage earner on July 26, 1958.[3] In other words, it is the defendant's contention that an individual's right to benefits depends upon the Administration's action, and, further, no completed transaction results unless the payee is alive to receive and cash the check when it arrives.[4]

■ We disagree. Such a holding flys directly in the teeth of the plain, clear language of the Act, § 402(a).[5] Sec-

ton 402(a) specifically says that an individual who fulfills the three requirements, namely: (1) is fully insured; (2) has attained age 62; and (3) has filed an application for old-age insurance benefits—"*shall be entitled* to an old-age insurance benefit for each month, beginning with the first month after August 1950 in which such individual becomes so entitled to such insurance benefits and ending with the month preceding the month in which he dies."

■ The defendant admits that the deceased wage earner fully complied with all of the above three conditions precedent before he had died. The mere fact that the Administration took one month to process the wage earner's claim and another two weeks to mail the check cannot defeat his right to the benefits which he was entitled for the months from January through June, 1958. On July 16, 1958, the wage earner had a vested right to the amount due for these months. The Determination of Award made by the Administration on August 19, 1958 was without legal significance and operated only as an official recognition of the wage earner's rights to his accrued benefits. Gardner v. Ewing, 185 F.2d 781 (6 Cir., 1950), rev'd. in part on other grounds, 341 U.S. 321, 71 S.Ct. 684, 95 L.Ed. 968 (1950).

■ The defendant relies heavily on the fact that when the check was finally mailed it was in "error" because it included benefits for the months of July and August which the deceased wage earner was unentitled. Therefore, the Administration contends that § 204(a) [42 U.S.C.A. § 404(a)] must be applied. This section reads as follows:

" § 404. Overpayments and underpayments

"(a) Whenever an error has been made with respect to payments to an individual under this subchapter (including payments made prior to January 1, 1940), proper adjustment

---

**3.** Hearing Examiner's Decision, p. 3 (Record p. 19).

**4.** Hearing Examiner's Decision, id.

**5.** See Footnote 2, supra.

shall be made, under regulations prescribed by the Secretary, by increasing or decreasing subsequent payments to which such individual is entitled. If such individual dies before such adjustment has been completed, adjustment shall be made by increasing or decreasing subsequent benefits payable with respect to the wages and self-employment income which were the basis of benefits of such deceased individual." [6]

In the same section is contained subsection (b) which must be read in pari materia with the preceding section.

"(b) There shall be no adjustment or recovery by the United States in any case where incorrect payment has been made to an individual *who is without fault* (including payments made prior to January 1, 1940), and where adjustment or recovery would defeat the purpose of this subchapter or *would be against equity and good conscience*." (Emphasis supplied)

Assuming arguendo that the Administration is correct in its position that an "error" had been made, we feel that the deceased wage earner was "without fault" in causing this "error" and it "would be against equity and good conscience" to allow the claim of the estate to be divested. Nowhere does the Act or Congressional intent confer upon the *ministerial* act of issuing a check the substantive power to enlarge or divest rights already existing under the plain language of § 402(a). Beers v. Federal Security Administrator et al., 172 F.2d 34 (2 Cir., 1949). The regulations of the Administration regarding procedures for adjustment of errors are not powers to make law and amend the statute by regulation. Ewing v. Gardner, 88 F.Supp. 315, 322 (S.D.Ohio,W.D.1950), aff'd. 185 F.2d 781 (6 Cir., 1950), rev'd. in part on other grounds, 341 U.S. 321, 71 S.Ct. 684, 95 L.Ed. 968 (1950).

The only reason this "error" resulted was because of the Administration's delay in processing the application and forwarding the check to the wage earner before he died. This administrative delay cannot be used to the disadvantage of the wage earner or his estate.

The plaintiff's motion for summary judgment is granted. We therefore re-

---

**6.** Social Security Administration Regulations No. 4, 404.501, 20 C.F.R. 404.501 refers to the general applicability of § 204(a) of the Social Security Act and provides in relevant part:

"Section 204(a) of the act provides for adjustments, as set forth in §§ 404.502 and 404.503, in cases where an error has been made which results in an overpayment or underpayment to an individual under Title II of the act, including overpayments and underpayments prior to January 1940. * * * The term 'underpayment' includes nonpayment where some amount was payable under that title."

Section 404.503 of the Regulations, 20 C.F.R. 404.503 provides that underpayments will be adjusted as follows:

"(a) *Individual underpaid is living.* If an individual to whom an underpayment was made is living, the amount of such underpayment will be paid to such individual either in a single payment (if he is not entitled to a benefit or lump sum) or by increasing one or more benefits or lump sum to which such individual is or becomes entitled.

"(b) *Individual underpaid dies before adjustment.* If an individual to whom an underpayment was made dies before adjustment is completed under paragraph (a) of this section, adjustment will be made by increasing subsequent benefits payable with respect to the wages and self-employment income which were the basis of benefits of such deceased individual.

"(c) *Increasing benefits payable to individual equitably entitled.* No amount will be paid under the provisions of paragraph (b) of this section to a person to whom a lump sum is payable as one equitably entitled within the meaning of § 404.340, in excess of the amount of burial expenses of the deceased individual paid by such person.

"(d) *Payment to estates.* If an underpayment or any part thereof cannot be adjusted under the provisions of paragraph (b) or (c) of this section, the amount of such underpayment or such part thereof shall be paid to the estate of the underpaid individual in the manner prescribed by § 404.341."

verse the decision of the Secretary and remand the case to the Secretary for further proceedings not inconsistent with this Opinion. This Opinion shall constitute the Court's findings of fact and conclusions of law.