Angelo GUARINO, Executor of Estate of Carmen Ciciretti, Deceased

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellant.

No. 14765.

United States Court of Appeals Third Circuit.

Argued April 21, 1964.

Decided Aug. 21, 1964.

Robert V. Zener, Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Drew J. T. O'Keefe, U. S. Atty., Sherman L. Cohn, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellant.

A. A. Guarino, Philadelphia, Pa., for appellee.

Before KALODNER, FORMAN and SMITH, Circuit Judges.

KALODNER, Circuit Judge.

This appeal is from a summary judgment for the plaintiff in an action brought pursuant to 42 U.S.C.A. 405(g) to review a final decision of the Secretary of Health, Education and Welfare refusing to make any payment of benefits to the estate of the deceased wage earner Carmen Ciciretti. The opinion of the District Court is reported at 222 F.Supp. 345 (E.D.Pa.1963).

The undisputed relevant facts may be summarized as follows:

On July 16, 1958 Ciciretti filed his application for old age retirement benefits under § 202[1] of the Social Security Act with the Social Security Administration ("Administration"). He died on July 26, 1958. Unaware of that fact, the Administration on August 19, 1958 issued a "Determination of Award", allotting monthly retirement benefits of $84.70, retroactive to January 1958, and mailed a check for $677.60 to Ciciretti on September 4, 1958. The check included the months of July and August. Angelo Guarino, executor of Ciciretti's estate,

1. Section 202 of the Social Security Act, 42 U.S.C. § 402, provides in relevant part:

"(a) Every individual who—
"(1) is a fully insured individual * * *,
"(2) has attained retirement age * * *, and

"(3) has filed application for old-age surance benefits * * *
shall be entitled to an old-age insurance benefit for each month, beginning with the first month after August 1950 in which such individual becomes so entitled to such insurance benefits and ending with the month preceding the month in which he dies."

and plaintiff herein, returned the check to the Administration on September 10, 1958, advising it of the death of the wage earner and requesting a check in the proper amount payable to him as executor. The Administration refused that request and similar ones, and subsequently made payment of $508.20 [2] to Ciciretti's wife Filomena in Italy. She had not lived with him since 1910.

A hearing was had before an Examiner on December 5, 1960 on the plaintiff's objection to the Administration's action. The Hearing Examiner affirmed the initial determination on his reasoning that issuance of a check to the decedent was *error*, and that under § 204(a) of the Social Security Act [3] payment to the decedent's widow was properly made. Thereafter, on October 26, 1962, the Appeals Council of the Department of Health, Education and Welfare denied the plaintiff's "Request for Review" of the Hearing Examiner's decision, resulting in the review proceedings in the District Court which led to this appeal.

On this appeal the Secretary contends that "error" was committed when the Administration failed to make the payment due Ciciretti before his death, and that further "errors" were made when a check was issued, and sent to him after his death, which included payment for July and August 1958 to which he was not entitled. He urges that under § 204(a) of the Social Security Act an adjustment was properly made by increasing the subsequent payment due decedent's widow by the amount he was entitled to at the time of his death.

In answer, the plaintiff asserts that once the decedent wage earner was entitled to social security benefits in accordance with the Act by (1) being fully insured, (2) being of age, and (3) filing application for benefits due, he or his estate did not lose the right to receive benefits accrued, merely because they were not paid prior to his death.

 It is settled that Social Security benefits are not vested in a property sense, i. e. they are subject to defeasance by act of Congress, so long as that action is not arbitrary. See Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960); Bernstein v. Ribicoff, 299 F.2d 248 (3 Cir. 1962), cert. den. 369 U.S. 887, 82 S.Ct. 1161, 8 L.Ed.2d 288. It follows, that all rights depend solely upon the statutory scheme involved.

The Social Security Act provides that one who is fully insured, has attained the requisite retirement age, and has filed his application in the proper manner is *entitled* to benefits ceasing with the month prior to his death. This Court has held that where the wage earner was qualified to receive benefits but failed to file application prior to death, no one was entitled to the benefits that might otherwise have been payable had he lived. Coy v. Folsom, 228 F.2d 276, 3 Cir., (1955). Here the wage earner had filed his application and then died before the Administration had processed it.

The Secretary argues that (1) failure to make payment is an "underpayment" constituting "error * * * with respect to payments," see C.F.R. § 404.-501(d), and (2) that in case of "error" § 204(a) provides that adjustment be made by increasing subsequent payments in respect to the decedent's wages, requiring in this case payment to the de-

2. Since the wage earner died in July, 1958 the second check was reduced by $169.-40, an amount equal to payment for July and August 1958 to which the decedent was not entitled under § 202 of the Social Security Act. No question is raised concerning this reduction.

3. Section 204(a), 42 U.S.C. § 404(a) provides:
"Whenever an error has been made with respect to payments to an individual under this subchapter * * *, proper adjustments shall be made, under regulations prescribed by the Secretary, by increasing or decreasing subsequent payments to which such individual is entitled. If such individual dies before such adjustment has been completed, adjustment shall be made by increasing or decreasing subsequent benefits payable with respect to the wages and self-employment income which were the basis of benefits of such deceased individual."

cedent's widow who is the beneficiary of certain widow's benefits under the Act.

 The Secretary's argument stands or falls on whether there was in fact "error" in payment. Neither the Act nor the Regulations pursuant to it define the term "error", although the Regulations speak of "error" in terms of "overpayment" and "underpayment"; and they further provide that "underpayment" includes "nonpayment". See C.F.R. § 404.501. However, the Act requires "error * * * with respect to payments" and "error" connotes "mistake". See Funk & Wagnalls, New Standard Dictionary, 848 (1942). Therefore, "nonpayment" without "mistake" is not "error". And that is precisely what happened here—the Administration was in the process of handling the wage earner's application when he died; at no time was there any "mistake" or even "payment" until after his death.

Beers v. Federal Security Administrator, 172 F.2d 34 (2 Cir. 1949) is analogous to the situation here. There ten benefit checks were issued to the wage earner before his death, but none had been cashed. The plaintiff, who was the administrator of the wage earner's estate sent the checks to the Secretary of the Treasury with the request that checks payable to him be issued. The request was referred to the Federal Security Administration (predecessor of the Social Security Administration) which ruled that the administrator of the estate was not entitled to payment. It was contended that failure to complete payment was "error", and that payment thereafter should be made to subsequent beneficiaries or in their absence as a reversion to the Social Security Fund. In rejecting the contention the Court said (172 F.2d p. 36):

> "Plainly the section [§ 204(a)] is intended to provide for the correction of *mistakes* in the amount of payments to persons claiming benefits under the Act. There was no error in the checks received by [the wage earner] for the period which they covered, nor in the Adminis-

trator's certification of him as entitled to them." (emphasis supplied)

We are of a like opinion here. No payment was ever made to Ciciretti. No "error", i. e. "mistake", was made in regard thereto. Section 204 is inapplicable.

Ciciretti had fulfilled the requirements of § 202 of the Act, and was awaiting certification and payment of the insurance benefits at the time of his death. The Secretary does not now claim that he was not entitled to payment had he lived, nor does the Act divest the right to payment once its requirements have been fulfilled.

 We are of the opinion Ciciretti's estate has a rightful claim to the benefits which accrued to him before his death.

For the reasons stated the Order of the District Court will be affirmed.