Edgar C. TUTTLE, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant-Appellee.

No. 74–1042.

United States Court of Appeals, Tenth Circuit.

Argued Sept. 11, 1974.

Decided Oct. 16, 1974.

Galen Ross, Salt Lake City, Utah, for plaintiff-appellant.

Michael Kimmel, Atty., Dept. of Justice (Carla A. Hills, Asst. Atty. Gen., C. Nelson Day, U. S. Atty., and William Kanter, Atty., Dept. of Justice, on the brief), for defendant-appellee.

Before BREITENSTEIN, SETH and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The issue is the constitutionality of the provisions of the Social Security Act requiring that a disability applicant have not less than 20 quarters of covered employment during the 40-quarter period preceding his disability. The district court upheld the Act. We affirm.

Plaintiff on November 5, 1970, applied for a period of disability under § 216(i) of the Act, 42 U.S.C. § 416(i), and for disability insurance benefits under § 223, 42 U.S.C. § 423. The period of disability freezes rights of disabled workers to old age and survivors benefits during periods of disability. Disability insurance payments are payable to a disabled worker.

To be entitled to the period of disability, the worker must have had "not less than twenty quarters of coverage during the forty-quarter period which ends" with the quarter in which the disability occurred. 42 U.S.C. § 416(i) (3)(B)(i). Disability insurance benefits are payable to a disabled worker beginning with any month in which he is under disability "if he had not less than twenty quarters of coverage during the forty-quarter period which ends with the quarter in which such month occurred." 42 U.S.C. § 423(c)(1)(B)(i).

Plaintiff claims that he became disabled on March 13, 1954, at age 41. He had earned social security credits for only 19 calendar quarters of work in the 40-quarter period ending March 31, 1954. The Secretary denied allowance of the period of disability and payment of disability insurance benefits because plaintiff failed to meet the earnings requirements of the Act.

Plaintiff argues that the 20/40 requirement unconstitutionally denies him equal protection and due process. Whether a Social Security Act classification is attacked on equal protection grounds, see Richardson v. Belcher, 404 U.S. 78, 81, 92 S.Ct. 254, 30 L.Ed.2d 231, or on due process grounds, Flemming v. Nestor, 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435, the test is whether "the statute manifests a patently arbitrary classification, utterly lacking in rational justification."

The Secretary says that the 20/40 requirement promotes two legitimate objectives. The first is assurance of a self-supporting program. This is the intent of Congress. See S.Rep.No. 1987, 83rd Cong. 2d Sess., 3 U.S.Code Cong. & Admin.News, 1954, p. 3733; and H.Rep.No.92–231, 92d Cong. 2d Sess., 3 U.S.Code Cong. & Admin.News,

1972, p. 5111. The Supreme Court has recognized that a "State has a legitimate interest in maintaining the self-supporting nature of its insurance program." Geduldig v. Aiello, 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256. The stated principle applies also to the federal government. The 20/40 requirement tends to make the system self-supporting by assuring some substantial contribution to the system before the onset of disability.

The second objective is the provision of benefits to those who have depended on their employment income. Legislative history supports the government. S.Rep. No. 2388, 85th Cong. 2d Sess., 3 U.S. Code Cong. & Admin.News, 1958, p. 4229, in reference to the earning requirements, says that "it is reasonable and desirable that there be reliable means of limiting such protection to those persons who have had sufficiently long and sufficiently recent covered employment to indicate that they probably have been dependent upon their earnings." See also S.Rep. No. 1987, 83rd Cong. 2d Sess., 3 U.S.Code Cong. & Admin.News, 1954, p. 3729. The 20/40 requirement rationally screens out those who have not established a substantial attachment to the labor force because they do not have a reasonably long, as well as recent, record of covered earnings.

Plaintiff contends that he is entitled to the benefits because he is dependent on his earnings. The argument is not persuasive. A classification does not offend the Constitution "because in practice it results in some inequality." Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed.2d 369, cited in Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491, a social security case.

Plaintiff says that once a worker is covered he cannot be denied benefits and, hence, any classification based on earnings is unconstitutional. Congress determines entitlement to benefits. The Supreme Court has rejected the notion that the Act creates either property or contract rights. Richardson v. Belcher,

404 U.S. 78, 80, 92 S.Ct. 254, 30 L.Ed.2d 231. Our concern is with the rationality of the 20/40 requirements. Because they have a rational base and are free from invidious discrimination, they do not violate the Constitution. See Stanton v. Weinberger, 10 Cir., 502 F.2d 315.

Affirmed.