**Frances V. BAILEY, SSN: 290–12–6322, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

Civ. A. No. C–2–89–588.

United States District Court, S.D. Ohio, E.D.

Aug. 7, 1991.

Theodore Richard Saker, Columbus, Ohio, for plaintiff.

Joseph E. Kane, U.S. Attys. Office, Columbus, Ohio, for defendant.

## AMENDED OPINION AND ORDER

HOLSCHUH, Chief Judge.

Plaintiff, Frances Bailey, brings this action against the Secretary of Health and Human Services challenging the constitutionality of the benefit offset provisions of 20 C.F.R. § 404.408a, promulgated pursuant to the Social Security Act, 42 U.S.C. § 405(a). This cause is currently before the Court on the parties' respective Motions for Summary Judgment.

The facts of this case are not in dispute. On May 25, 1987, Frances Bailey filed an application for widow's insurance benefits based on her deceased husband's earnings record. Mrs. Bailey stated in her application that she was retiring in July 1987 from her job as a teacher and that she anticipated receiving a pension beginning in June 1987 from the State Teachers Retirement System of Ohio (Tr. 49–50).

Subsequent letters from the State Teachers Retirement System established that plaintiff's pension began in July 1987 at [a] rate of $1,506.81 a month (Tr. 62). Further, the Retirement System determined that plaintiff was not eligible for a retirement pension prior to July 1986, because she had 21.3 years of credit and needed 25 years (Tr. 61). Plaintiff became eligible for a pension on July 1, 1986, after she had "purchased" 4.33 years of credit for her earlier employment in Federal Civilian Service. *Id.* The Social Security Administration found that plaintiff's government pension of $1,506.81 precluded a payment of her widow's benefit.

Under the provisions of 42 U.S.C. § 405(g), "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). It is "'more than a mere scintilla.'" *Id.* *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir.1976). The Secretary's findings of fact must be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir.1985); *Houston v. Secretary*, 736 F.2d 365, 366 (6th Cir.1984); *Fraley v. Secretary*, 733 F.2d 437, 439–440 (6th Cir.1984). In determining whether the Secretary's decision is supported by substantial evidence, the Court must "'take into account whatever in the record fairly detracts from its weight.'" *Beavers v. Secretary of Health, Educ. and Welfare*, 577 F.2d 383, 387 (6th Cir.1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951)); *Wages v. Secretary of Health and Human Services*, 755 F.2d 495, 497 (6th Cir.1985).

Before a ruling on a motion for summary judgment can be made, the dispositive issues and factual inquiries relevant to the motion must be clearly delineated. With this standard in mind, the Court will proceed to consideration of the pending motions.

Prior to 1977, the Social Security Act required men seeking widower's benefits to prove that they had received at least one-half support from their spouses; however, women seeking benefits were not required to meet any dependency test. In March 1977, the Supreme Court held that this distinction violated the equal protection requirement of the Due Process Clause of the Fifth Amendment. *Califano v. Goldfarb*, 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977). In response to this decision, Congress eliminated the dependency test, but also provided that survivor's benefits for both men and women would be offset by the full amount of any pension the claimant received as a result of employment not covered by social security, from a federal, state, or local government agency (pension offset provision). Pub.L. 95–216, § 334(c)(2), 91 Stat. 1544, 1545, which states, in pertinent part:

The amount of a widow's insurance benefit ... shall be reduced (but not below zero) by an amount equal to the amount of any monthly periodic benefit payable to such widow (or surviving divorced wife) for such month which is based upon her earnings while in the service of the Federal Government or any State (or any political subdivision thereof ...) if, on the last day she was employed by such entity, such service did not constitute "employment" as defined in section 210.

Congress provided, however, that the amendments would not apply to any individual who became eligible for support benefits during the 60 month period December 1977 to December 1982 and who would have been entitled to benefits prior to their adoption. Pub.L. No. 95–216, § 334(g), 91 Stat. 1546. Accordingly, women who became eligible for support benefits during this period could receive survivor's benefits without making any showing of dependency and their benefits would not be subject to the pension offset provision. This 60 month window was provided to protect the reasonable expectations of many women who, in making their retirement plans, had relied on receiving the social security survivor's benefits regardless of their dependency status.[1]

The Secretary implemented 20 C.F.R. § 404.408a to clarify when reduction of spousal benefits is required. The regulation states, in pertinent parts:

(a) *When reduction is required.* Unless you meet one of the exceptions in paragraph (b) of this section, your monthly Social Security benefits as a wife, husband, widow, widower, mother, or father will be reduced each month you are receiving a monthly pension from a Federal, State, or local government agency (Government pension) for which you were employed in work not covered by Social Security on the last day of such employment ...

(b) *Exceptions.* The reduction does not apply:

. . . .

(2) If you received or are eligible to receive a Government pension for one or more months in the period December 1977 through November 1982 and you meet the requirements for Social Security benefits that were applied in January 1977, even though you don't claim benefits, and you don't actually meet the requirements for receiving benefits until a later month.... You are considered eligible for a Government pension for any month in which you meet all the requirements for payment except that you are working or have not applied.

. . . .

(e) *When effective.* This reduction was put into the Social Security Act by the Social Security Amendments of 1977. It only applies to applications for benefits filed in or after December 1977 and only to benefits for December 1977 and later.

In order for plaintiff to receive both her pension benefits and widow benefits she must have been entitled to pension income prior to December 1, 1982. Otherwise, the offset provision is applicable. Pub.L. No. 95–216, § 334(g), 91 Stat. 1546.

Plaintiff's husband, William Bailey, died in 1984. Mrs. Bailey did not file her application for widow benefits until March 1987. On her application she indicated that she intended to retire and would receive a pension from the State Teachers Retirement System of Ohio beginning on July 1, 1987. (*Id.*)

The problem arose when the Secretary discovered that Mrs. Bailey did not become entitled to her State Teachers Retirement pension until July 1, 1986. A letter from the State Teachers Retirement System of Ohio indicates that as of November 30, 1982, the final day on which plaintiff must have qualified for her pension, Ms. Bailey had only 21.30 years of pension credit. (Tr. 61.) Twenty-five years of credit, however,

---

**1.** The Supreme Court in *Heckler v. Mathews,* 465 U.S. 728, 104 S.Ct. 1387, 79 L.Ed.2d 646 (1984), held that the 60 month window was permissible in that it was not gender-based, but rather was "substantially related to the important governmental interest of protecting individuals who planned their retirements in reasonable reliance on the law in effect prior to" *Goldfarb.* *Id.* at 750–751, 104 S.Ct. at 1401.

was needed before plaintiff was entitled to her pension. *Id.* Sometime thereafter plaintiff apparently "purchased" an additional 4.33 years of credit based on former Federal Civilian Service. This qualified plaintiff for her pension benefits as of July 1, 1986. *Id.* Had Mrs. Bailey purchased the 4.33 years of credit prior to November 30, 1982, then she would have been eligible to retire on that date. *Id.*

Because Mrs. Bailey was not entitled to her State Teachers Retirement pension prior to December 1, 1982, the offset provisions of § 404.408a were applied. Mrs. Bailey did not qualify for any exception under the regulation,[2] thus, her widow's benefits were reduced by an amount equal to her monthly payment from her pension. Since Mrs. Bailey was to receive $1,506.81 a month from the State Teachers Retirement System and only $541.70 in widow benefits, the entire amount of the widow benefits was offset.

■ Plaintiff does not question the Secretary's findings of fact, but rather challenges the constitutionality of the regulation. She asserts that "the action of the defendant is nothing short of confiscatory of her vested property rights." (Plaintiff's Amended Cross–Motion for Summary Judgment, p. 4.) Plaintiff has done no more to articulate her claim, therefore, we presume she intends to assert that the regulation deprives her of property without due process of law in violation of the Fifth Amendment of the U.S. Constitution. Finding no support for this contention, we hereby GRANT defendant's motion for summary judgment.

In *Flemming v. Nestor*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), the Supreme Court addressed a similar claim with respect to Social Security benefits. In *Nestor*, an alien who had become eligible for old-age benefits was deported for having been a member of the Communist Party. This being one of the benefit-termination grounds specified in Section 202(n) of the Social Security Act, appellee's benefits were stopped. Nestor brought suit alleging that he had been denied an accrued property right in violation of the Due Process Clause of the Fifth Amendment.

■ In rejecting the argument, the Supreme Court held that a person covered by the Act does not have such a right in benefit payments "as would make every defeasance of 'accrued' interests" violative of the Fifth Amendment. *Id.* at 611, 80 S.Ct. at 1372.[3] The Court noted that the Social Security system was aptly described as a form of insurance implemented to aid the retired and the disabled. *Id.* at 609, 80 S.Ct. at 1371, relying on *Helvering v. Davis*, 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307 (1937). Although every person may ultimately become a beneficiary of the program, his right to benefits is not predicated on the amount of money he has put into the system. Thus, there is no contractual interest which creates a property right in each potential beneficiary unlike the holder of an annuity, whose rights flow from the contractual agreement to make premium payments. *Id.* 363 U.S. at 609–610, 80 S.Ct. at 1371–1372.

■ Plaintiff has attempted to distinguish those cases which hold that there is no constitutionally protected contractual right in Social Security benefits by arguing that she purchased her pension benefits rather than having earned them through a lifetime of employment. The argument is

**2.** 20 C.F.R. § 404.408a(b) lists exceptions to the operation of government pension offset, which Congress has promulgated beginning in 1977. *See e.g., Heckler v. Mathews*, 465 U.S. 728, 733 n. 3, 104 S.Ct. 1387, 1392 n. 3, 79 L.Ed.2d 646 (1984) (upholding constitutionality of what is now 20 C.F.R. 404.408a(b)(3)); *Drombetta v. Secretary of Health and Human Services*, 845 F.2d 607, 608–609 (6th Cir.1987) (upholding method of computing the one-half support requirement in exception 20 C.F.R. § 404.-408a(b)(3)). *Batista v. Sullivan*, 882 F.2d 1480 (9th Cir.1989) (upholding application of the one-half support test).

**3.** Numerous other courts have held that there is no vested property right in Social Security benefits which rises to the level of a contractual obligation on the part of the government. *See e.g. Richardson v. Belcher*, 404 U.S. 78, 80, 92 S.Ct. 254, 256, 30 L.Ed.2d 231 (1971), *Watts v. Veneman*, 476 F.2d 529, 533 (D.C.Cir.1973), *Guarino v. Celebrezze*, 336 F.2d 336, 338 (3rd Cir.1964), *Johnson v. United States*, 572 F.2d 697, 699 (9th Cir.1978).

not compelling. Plaintiff did not purchase her benefits as though they were an annuity. Rather she was able, by some mechanism of which the Court has not been fully apprised, to add 4.33 years of federal employment credit to the 20.3 years she had accumulated as a teacher. There was no purchase in the sense that plaintiff contracted for a return of her investment. Instead, plaintiff merely stacked her years served with two different employers in order to qualify for the State Teachers Retirement pension several years early. We find no support whatsoever that plaintiff's stacking of work years somehow operates to create a constitutionally protected right where none existed.

"To engraft upon the Social Security system a concept of 'accrued property rights' would deprive it of the flexibility and boldness in adjustment to ever-changing conditions which it demands." *Nestor*, 363 U.S. at 610, 80 S.Ct. at 1372. This concept, the Court stated, is embodied in the text of the Act itself which expressly reserves the right to alter, amend, or repeal any provision. 42 U.S.C. § 1304. Thus, regulations which affect or even deny Social Security benefits do not violate the Due Process Clause unless it can be shown that they are arbitrary and capricious. *Nestor*, 363 U.S. at 611, 80 S.Ct. at 1372; *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984); *Koch v. Secretary of Department of Health, Educ. and Welfare*, 590 F.2d 260 (8th Cir.1978) (Only a deprivation where there is a patently arbitrary classification utterly lacking in rational justification.)

Defendant relies on *Heckler v. Mathews*, 465 U.S. 728, 104 S.Ct. 1387, 79 L.Ed.2d 646 (1984) to support the argument that Congress had a legitimate fiscal purpose in creating the pension offset provisions. Defendant states, and the Court agrees, that the purpose in enacting the offset provision was to preserve the Social Security trust fund. The *Mathews* court recounted the concerns of Congress which led to the 1977 amendments to the Act, most importantly that double benefits may have cost the fund in excess of $190 million. *Id.* at 732, 104 S.Ct. at 1391. Congress went to great lengths to modify the Act so as to preserve the Social Security trust fund while also affording "protection to those who anticipated receiving their spouses benefits prior to March 1977 *without providing it also to those [who] would qualify only as a result of [the Goldfarb] decision.*" *Id.* at 743, 104 S.Ct. at 1397 (emphasis in original) (citing 123 Cong.Rec. 39134 (1977)).

We find no support for plaintiff's assertion that regulation 20 C.F.R. § 404.408a is arbitrary or capricious or deprives plaintiff of any right secured by the Constitution. The regulation is a legitimate means of maintaining a system of Social Security which is beneficial to all prospective beneficiaries. The substance of plaintiff's argument is that it is unfair that more than one third of her monthly income was discounted by the pension offset provisions. It is unfortunate that Mrs. Bailey did not take action to secure her pension prior to December of 1982, but that fact alone is insufficient to strike down a regulation as unconstitutional. Plaintiff has failed to articulate any genuine issue of material fact with respect to the constitutionality of § 404.408a. Accordingly, defendant's motion for summary judgment is hereby GRANTED.

The Clerk of Court shall enter JUDGMENT in favor of defendant.

IT IS SO ORDERED.