87 F.3d 371
 51 Soc.Sec.Rep.Ser. 144, Unempl.Ins.Rep. (CCH) P 15261B,
96 Cal. Daily Op. Serv. 4714,
96 Daily Journal D.A.R. 7535
Samuel L. HARVELL, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration,* Defendant-Appellee.
 No. 95-15353.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 16, 1996.
Decided June 26, 1996.
 
 Thomas M. Peterson, Michael B. Green, Brobeck, Phleger & Harrison, San Francisco, California, for plaintiff-appellant.
 Dennis J. Mulshine, United States Social Security Administration, San Francisco, California, for defendant-appellee.
 Appeal from the United States District Court for the Northern District of California, Marilyn H. Patel, District Judge, Presiding. D.C. No. CV-94-02126-MHP.
 Before NORRIS, T.G. NELSON, and TASHIMA, Circuit Judges.
 PER CURIAM:
 
 
 1
 Samuel L. Harvell appeals a summary judgment affirming the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. Harvell contends that he was unconstitutionally denied benefits pursuant to 20 C.F.R. § 404.130(b) (1996), also known as the "20/40" rule, which requires an individual making a disability claim to have worked at a job at which he paid social security tax during at least twenty of the forty quarters preceding the quarter in which his disability occurs. We have jurisdiction under 28 U.S.C. § 1291 (1994), and we affirm.
 
 
 2
 Harvell contends that the "20/40" rule is unconstitutional because it denies him disability benefits even though he is "fully insured" under the Act by virtue of his contribution of payroll taxes to the disability program from 1953 to 1969. But in order to receive disability benefits under Title II of the Social Security Act, an individual must be both insured for disability benefits and disabled within the meaning of the Act. 42 U.S.C. § 423(a)(1)(A) & (D) (1994). And to meet the disability insured status requirements, a claimant must be both fully insured and have at least twenty quarters of coverage in the forty-quarter period which ends with the quarter in which the disability occurred. 42 U.S.C. §§ 416(i)(3) and 423(c)(1) (1994); 20 C.F.R. § 404.130(b) (1996).[1]
 
 
 3
 The parties agree that Harvell was "fully insured" within the meaning of the Act because he had one covered quarter for each calendar year elapsing after the year in which he became age 21 and ending with the year disability began. See 20 C.F.R. §§ 404.110(b) and 404.132(a)(2)(i) (1996). However, Harvell did not satisfy the second requirement, the so called "20/40" rule, because from 1969 to 1990, Harvell worked in non-covered employment with the U.S. Postal Service and paid no social security taxes during that period. As a result, Harvell earned no quarters of coverage during the relevant forty-quarter period, and he is therefore not eligible for disability insurance benefits under the Act. See 20 C.F.R. § 404.130(b) (1996).
 
 
 4
 Harvell's also contends that the so-called "20/40" rule violates the Due Process Clause of the Fifth Amendment because it denies a person disability benefits even though that person is "fully insured" under the Act. His contention is without merit. A statutory classification in the area of social welfare is consistent with the Due Process Clause of the Fifth Amendment if it is rationally based and free from invidious discrimination. Richardson v. Belcher, 404 U.S. 78, 81, 92 S.Ct. 254, 257, 30 L.Ed.2d 231 (1971) (citing Dandridge v. Williams, 397 U.S. 471, 487, 90 S.Ct. 1153, 1162-63, 25 L.Ed.2d 491 (1970)). "[T]he Due Process clause can be thought to interpose a bar only if a statute manifests a patently arbitrary classification, utterly lacking in rational justification." Flemming v. Nestor, 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960).
 
 
 5
 In Tuttle v. Secretary of HEW, 504 F.2d 61, 63 (10th Cir.1974), the Tenth Circuit held that the 20/40 rule as applied by the Social Security Act is not unconstitutional. The Tuttle court found that the 20/40 requirements under the Social Security Act were rationally based and free of invidious discrimination, and thus must survive a constitutional challenge alleging a violation of the Due Process Clause. Id.
 
 
 6
 The court in Tuttle noted that Congress, through the Social Security Act's 20/40 rule, intended to fulfil two goals. Id. at 62. The first goal was making the social security system self-supporting by assuring that beneficiaries made some substantial contribution to the system before the onset of disability. See S.Rep. No.1987, 83rd Cong., 2d Sess. 23 (1954), reprinted in 1954 U.S.C.C.A.N. 3710, 3733; see also H.R.Rep. No. 92-231, 92nd Cong., 2d Sess. 125 (1972), reprinted in 1972 U.S.C.C.A.N. 4989, 5111. The second goal was the provision of benefits to those who have depended on their employment income. Specifically, Congress decided that "it is reasonable and desirable that there be reliable means of limiting ... protection to those persons who have had sufficiently long and sufficiently recent covered employment to indicate that they probably have been dependent upon their earnings." S.Rep. No. 2388, 85th Cong., 2d Sess. 12 (1958), reprinted in 1958 U.S.C.C.A.N. 4218, 4229.
 
 
 7
 Given Congress's stated objectives as articulated in Tuttle, we cannot say that the 20/40 rule is a "patently arbitrary classification, utterly lacking in rational justification." See Flemming, 363 U.S. at 611, 80 S.Ct. at 1373. Accordingly, we follow the Tenth Circuit in holding that the 20/40 rule does not violate the Due Process Clause of the Fifth Amendment.
 
 
 8
 AFFIRMED. No costs allowed.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant. Although the Secretary of Health and Human Services was responsible for the actions of the Social Security Administration at the time of its final decision in this case, we refer to the defendant as "the Commissioner" throughout this opinion for the sake of convenience
 
 
 [1]
 The second requirement for disability insured status is referred to as the "currently insured" or "special insured" status requirement and has become known as the "20/40" rule