Claire G. COLLIER, Petitioner,

v.

Jo Anne B. BARNHART, Respondent.

Docket No. 06–3644–cv.

United States Court of Appeals, Second Circuit.

Argued: Dec. 12, 2006.

Decided: Jan. 4, 2007.

Richard F. Hans, Thacher Profitt & Wood, LLP, New York, N.Y. (John Vukelj, DLA Piper U.S. LLP, New York, NY; John P. Regan, Stamford, CT, on the brief), for Petitioner.

Eric Feigin, United States Department of Justice, Washington, DC (Marleigh D. Dover, United States Department of Justice, Peter D. Keisler, Assistant Attorney General, Kevin J. O'Connor, United States Attorney for the District of Connecticut, on the brief), for Respondent.

Before FEINBERG, KATZMANN, Circuit Judges and PAULEY, District Judge.[*]

PER CURIAM.

We are called upon to address a matter of human tragedy. Petitioner Claire Collier has amyotrophic lateral sclerosis (ALS), more commonly known as Lou Gehrig's disease. She has suffered greatly from this disease and, in addition to the physical pain, the financial cost has been staggering. However, we are compelled to conclude that the statute which guides this Court's review denies Collier Social Security Disability Insurance (S SDI) and Medicare benefits because she does not have the required recent work history. Moreover, because petitioner cannot make out a constitutional challenge to the recent work history requirement, we must **AFFIRM** the district court's adoption of the Magistrate Judge's recommendation to deny petitioner's motion for summary judgment and grant respondent's motion to affirm the denial of Social Security Disability Insurance benefits to petitioner. We recognize the difficulty petitioner has faced because of the eligibility rules and, recognizing that we have no license to alter the legislative scheme, note that a legislative solution to petitioner's concern may be appropriate.

---

[*] The Honorable William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

## I.

In the fall of 2003, Collier was diagnosed with ALS. Since then Collier and her family have expended more than $500,000 on special equipment and medical care. To alleviate some of this financial burden, in January 2004, petitioner applied for Social Security Disability Insurance (SSDI), as that is the prerequisite for Medicare eligibility for those under 65. 42 U.S.C. § 426(b).

The Social Security Administration denied Collier's application on February 1, 2004, as she had insufficient recent work history to qualify for benefits. Specifically, the statute requires that an applicant above the age of 31 must have worked twenty of the previous forty quarters (i.e., five of the last ten years) to qualify for SSDI ("the 20/40 Rule"). 42 U.S.C. § 423(c)(1); 20 C.F.R. § 404.130(b). It is undisputed that Collier did not have a recent work history as she left the paid workforce in 1994, upon the birth of her first child. Collier continued to be a stay-at-home mother through the birth of her second and third children; she states that "she always intended to return to the workforce," but wanted "to be a full-time mother while her children were young." For fifteen consecutive years beforehand, however, from 1979 through 1994, petitioner had worked outside the home and, during that time, she and her employers contributed over $40,000 in Social Security and Medicare taxes.

After the initial denial, petitioner sought additional review within the Social Security Administration and her application was denied. She then filed suit in the District of Connecticut. In her October 28, 2005 complaint she argued that her rights to due process and equal protection were violated as the 20/40 rule discriminated against women, who are more likely to leave the workforce to parent full-time.

Collier moved for summary judgment on January 26, 2006, and, on February 22, 2006, the government cross-moved for an affirmance of the agency's order. Magistrate Judge Joan Glazer Margolis, on April 25, 2006, issued a Report & Recommendation, recommending denial of Collier's motion and affirmance of the underlying decision. The District Court adopted this ruling on July 17, 2006, finding that the 20/40 Rule survives rational basis review because it serves the legitimate goals of ensuring that the Social Security system is self-sufficient and limiting disability benefits to those dependent on employment income.

## II.

■ We review the constitutionality of a federal statutory provision *de novo*. *See Muller v. Costello*, 187 F.3d 298, 307 (2d Cir.1999).

For those under 65, Medicare eligibility is set out in 42 U.S.C. § 426(b). Section 426 provides that: "every individual who ... is entitled to, and has for 24 calendar months been entitled to, ... disability insurance benefits under section 423 of this title ... shall be entitled to hospital insurance benefits." Section 423 provides that an individual 31 or older "shall be insured for disability insurance benefits in any month if ... he had not less than 20 quarters of coverage during the 40–quarter period which ends with the quarter in which such month occurred." *Id.* § 423(c)(1). Similarly, the regulations provide that if an applicant is 31 or older, not blind, and has not suffered a period of disability before age 31, that applicant "must meet the 20/40 requirement." 20 C.F.R. § 404.130. It is undisputed that Collier did not meet this statutory requirement.

The law is clear as to Collier's burden in claiming an Equal Protection Clause violation:

When a statute gender-neutral on its face is challenged on the ground that its effects upon women are disproportionally adverse, a twofold inquiry is ... appropriate. The first question is whether the statutory classification is ... indeed neutral in the sense that it is not gender-based. If the classification itself, covert [or]overt, is not based upon gender, the second question is whether the adverse effect reflects invidious gender-based discrimination. In this second inquiry, impact provides an important starting point, but purposeful discrimination is the condition that offends the Constitution.

*Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 274, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979) (internal citations and quotation marks omitted); *see also Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 118 (2d Cir.2004) ("To make out ... a claim [for gender discrimination under the Equal Protection Clause], the plaintiff must prove that she suffered purposeful or intentional discrimination on the basis of gender."). While Collier's equal protection claim is brought under the Fifth Amendment, the "approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment." *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n. 2, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975); *see also Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 217–18, 235, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1995).

Petitioner argues that the 20/40 Rule has a disproportionate impact on women. There is persuasive evidence in the record that "women with professional degrees are out of the labor force at a rate about three times that of their male counterparts and they overwhelmingly cite family responsibilities as the reason," Jerry A. Jacobs and Janice Fanning Madden, *Mommies & Daddies on the Fast Track: Success of Parents in Demanding Professions*, 596 Annals Am. Acad. Pol. & Soc. Sci. 246, 250 (2004), and that "marriage and childbearing ... make women more susceptible to losing [disability] insurance coverage than men," Olivia S. Mitchell & John W.R. Phillips, Univ. Mich. Ret. Research Ctr., Eligibility for Social Security Disability Insurance (2001). The district court characterized this evidence as "compelling," *Collier v. Barnhart*, 05 Civ. 01677(PCD), slip op. at 9 n. 6 (D.Conn. July 24, 2006), and we agree. However, as the district court correctly observed, Supreme Court precedents dictate that disparate impact is only a "starting point," *Feeney*, 442 U.S. at 274, 99 S.Ct. 2282 (internal quotation marks omitted), and petitioner must prove discriminatory purpose. *See Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976) (holding that disparate impact is insufficient for an Equal Protection Clause violation claim); *see also Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265–66, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977) ("Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause[ ] ... [but] *Davis* does not require a plaintiff to prove that the challenged action rested solely on racially discriminatory purposes.... [Courts must determine] whether invidious discriminatory purpose was a motivating factor....").

It is here that petitioner's argument fails, as she has no evidence that Congress was motivated by an "invidious discriminatory purpose" in enacting the 20/40 Rule. At best, her evidence indicates a recognition that women may suffer because of the 20/40 Rule. However, we have held that "[t]he legislative recognition of adverse im-

pact does not suffice to imply such a purpose; the requirement of purposeful discrimination means that equal protection is not violated unless the [challenged provision] was enacted not 'in spite of' its adverse effect on the [identifiable group] but rather because it would have that effect." *Johnson v. Wing,* 178 F.3d 611, 615 (2d Cir.1999); *see also Feeney,* 442 U.S. at 279, 99 S.Ct. 2282.

■ Because petitioner has not demonstrated invidious sex discrimination, we analyze the 20/40 Rule under rational basis review. *Zalewska v. County of Sullivan, New York* 316 F.3d 314, 323 (2d Cir.2003). As set forth by the Supreme Court, rational basis review is satisfied where "there is a plausible policy reason for the classification, the legislative facts on which the classification is apparently based rationally may have been considered to be true by the governmental decisionmaker, and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational." *Nordlinger v. Hahn,* 505 U.S. 1, 11–12, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992) (internal citations omitted); *see also Tanov v. INS,* 443 F.3d 195, 201 (2d Cir.2006). Legislation need only meet a minimal threshold in order to satisfy the rational review test. Here, Congress indicated in legislative history that "it is reasonable and desirable that there be reliable means of limiting ... protection to those persons who have had sufficiently long and sufficiently recent covered employment to indicate that they probably have been dependent upon their earnings." S.Rep. No. 05–2388, (1958), *reprinted in* 1958 U.S.C.C.A.N. 4218, 4229. We cannot conclude that the 20/40 Rule does not meet the minimal standard of rationality, as Congress could rationally choose to distribute a scarce resource among those who both have contributed more recently to the system and have indi-

cated, by their actions, that they are more dependent on the salaries they draw from being employed. As a Court, we observe that we have no authority to override Congress's policy preference so as to substitute our own views, whatever they might be, for those of Congress.

■ Petitioner's due process claim fails for similar reasons.

Congress has wide latitude to create classifications that allocate noncontractual benefits under a social welfare program.... Particularly when we deal with a withholding of a noncontractual benefit under a social welfare program such as (Social Security), we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification.

*Califano v. Goldfarb,* 430 U.S. 199, 210, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977) (internal citations and quotation marks omitted, alteration in original). As discussed earlier, this classification is not "patently arbitrary." To the extent petitioner alleges a procedural due process violation, that too fails because Collier does not allege that she was deprived of procedural protections, nor can she claim that she is entitled to more than the statute explicitly provides.

### III.

Because there is no evidence of invidious sex discrimination, and because the 20/40 Rule satisfies rational basis scrutiny, we **AFFIRM** the District Court's decision. We note, however, that Collier has also advocated for legislative reform of the 20/40 Rule. Both Senator Christopher J. Dodd and Representative Christopher Shays have introduced the "Claire Collier Social Security Disability Insurance Fairness Act," which would make the 20/40

rule inapplicable "in the case of a disabled individual suffering from a covered terminal disease." S. 3839, 109th Cong. (2006); H.R. 6304, 109th Cong. (2006). These proposals recognize that Congress, not the courts, is the appropriate forum for any change to the 20/40 Rule. While we as a Court are without authority to provide the relief that petitioner seeks, Congress can do so. Petitioner must turn to the legislative branch to consider this issue of great human consequence.