IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2007

Charles R. Fulbruge III
Clerk

No. 07-60151
Summary Calendar

CHARLES LAVEL STRINGER

Plaintiff - Appellant

v.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CV-975

Before JOLLY, DENNIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles Stringer's application for Disability Insurance Benefits under 42 U.S.C. § 423 has been denied, and he appeals under 42 U.S.C. § 405(g). For the reasons stated below, we AFFIRM.

## I. FACTS AND PROCEEDINGS

Charles Stringer applied for Social Security Disability Insurance Benefits ("DIB") in January 2002. He alleged in his application that he had been disabled

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

since August 1, 1997, when he was thirty-four years old. His Social Security records revealed that he had only thirteen qualified earnings quarters, all of which were earned prior to 1985. On January 7, 2002, the Social Security Administration ("SSA") sent him a letter outlining his employment history according to their records and asking him to correct any wrong information. The SSA denied his DIB application, and he requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ found that Stringer did not meet the nondisability requirements to receive DIB because he had not earned the regulatory minimum of twenty quarters of coverage in the last forty calendar quarters, which is a ten-year period. The ALJ declined to address the merits of Stringer's medical disability claim because he failed to qualify for DIB based on his employment history.

Stringer appealed the ALJ's determination to the Appeals Council, which affirmed. He eventually filed suit in federal district court under 42 U.S.C. § 405(g). In addition to his 42 U.S.C. § 405(g) claim, Stringer also brought an equal protection claim under 42 U.S.C. § 1983 and the Fourteenth Amendment because he claimed to know two people who received Social Security disability insurance payments without working for as long as he had. The district court affirmed the ALJ's decision in May 2006. Stringer filed a motion to alter the judgment on the grounds that the district court judge should have recused himself because "the Judge's impartiality, might reasonable [sic] be questioned against plaintiff" and that the decision failed to address his § 1983 claim. The district court denied Stringer's motion in February 2007, and Stringer appealed to this court.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this court plays a very restricted role in reviewing the decisions of the Social Security Commissioner ("Commissioner").

> If the Secretary's findings are supported by substantial evidence, they are conclusive and must be affirmed. Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. This Court may not reweigh the evidence or try the issues de novo. Rather, conflicts in the evidence are for the Secretary to resolve.

Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992) (internal citations omitted). This court reviews the Commissioner's decisions to determine whether he applied the correct legal standard and whether his factual findings are supported by substantial evidence. Id. at 292.

## III. DISCUSSION

Stringer makes three claims on appeal. First, he claims that the district judge should have recused himself because "the Court has never ruled in his favor in any of plaintiff [sic] past cases and that you have a deep seated resentment in seeing the plaintiff receiving any kind of compensation for any wrong that has been done to him." Second, he claims that he is not receiving all the Social Security benefits to which he is entitled, including benefits under his mother's Social Security number. Third, he states that the district judge did not address his § 1983 claim.[1]

Stringer's recusal claim is without merit. Recusal can be based on extrajudicial factors (bias based on family relationships or other extra-judicial influences) or intrajudicial factors (bias based on "facts introduced or events occurring in the course of the current proceedings, or of prior proceedings"). Liteky v. United States, 510 U.S. 540, 555 (1994). Intrajudicial factors "do not

---

[1] Stringer also claims that the ALJ failed to observe the treating physicians rule. See Floyd v. Bowen, 833 F.2d 529, 531 (5th Cir. 1987) ("Generally, unless good cause can be shown to the contrary, a treating physician's opinion is entitled to considerable weight."). However, because Stringer failed to meet the nondisability requirements for DIB, the ALJ never reached his medical eligibility and the treating physicians rule is not relevant to this appeal. Accordingly, we do not consider this claim.

constitute a basis for a bias . . . motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. Extrajudical factors warrant recusal when "a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality." Crawford v. U. S. Dep't of Homeland Sec., 2007 U.S. App. LEXIS 19540 at *33 (5th Cir. 2007).

Stringer argues that the district judge's past rulings against him demonstrate his bias. This bias claim is based on intrajudicial factors. However, adverse rulings alone are not sufficient to prove bias or warrant recusal. See Liteky, 510 U.S. at 555. Stringer has not pointed to any evidence of "deep-seated favoritism or antagonism" on the part of the judge, which is required for bias claims based on intrajudicial factors. Id. Stringer's intrajudicial bias claim fails.

Stringer also alleges that the district judge, "dressed as a woman," caused him to misfile papers in a separate action. This bias claim is based on extrajudicial factors. Stringer makes no attempt to substantiate this meritless allegation. We find that no reasonable person would harbor doubts about the district judge's impartiality under these circumstances, and Stringer's extrajudicial bias claim fails as well. There were no factors which warranted recusal in this case.

Second, Stringer continues to maintain that he is eligible for benefits under the DIB program. Stringer bears the burden of proving that he has a disability and that he became disabled prior to the expiration of his disability insured status. Anthony, 954 F.2d at 295.

Subject to a few exceptions which are not at issue here, a DIB claimant who is over thirty-one years old when he becomes disabled must show that he has earned Social Security employment credit in twenty out of the preceding forty quarters (or ten years) of employment eligibility. 42 U.S.C. § 423(c); 20

C.F.R. § 404.131(b). This is commonly referred to as the "20/40 rule." Stringer failed to meet these nonmedical requirements for the DIB program.

Stringer stated on his claim for benefits and at his ALJ hearing that his disability status began in 1997, when he was thirty-four years old. Thus, the 20/40 rule applies to him. Stringer's Social Security records show that he has only earned thirteen quarters of Social Security credit in his lifetime and that all of his credits were accrued prior to 1985—well more than ten years before he became disabled in 1997. There is substantial evidence supporting the ALJ's decision to deny Stringer benefits under the DIB program and we affirm.

Stringer also claims that he is eligible for benefits "under his mother [sic] Social Security number," which is consistent with another Social Security program, the Disabled Adult Child ("DAC") program.[2] However, this claim is not properly before this panel, which is only reviewing the ALJ's determination with regard to his DIB application. Stringer testified at the ALJ hearing that he applied for benefits under the DIB program based on a disability which was identified in 1997, when he was thirty-four years old. Stringer did not claim that he was eligible for benefits under the DAC program at that time. Because the Commissioner has not issued a final decision on Stringer's DAC eligibility, there is nothing for this court to review with regard to this claim.

Stringer next argues that the Commissioner's decision violated his due process rights under the Fourteenth Amendment because he knows of other Social Security Disability Insurance beneficiaries who have worked less than he has. Essentially, he is challenging the constitutionality of the 20/40 rule found in 42 U.S.C. § 423(c) and 20 C.F.R. § 404.131. Federal social welfare programs

---

[2] Social Security has a program whereby the disabled adult child of someone who meets the nonmedical requirements for DIB can receive DIB himself. Those who receive benefits under the DAC program do not have to show that they meet the work requirements of 42 U.S.C. § 423(c), because their parents' work history has qualified them for benefits. See 20 C.F.R. § 404.350. To demonstrate DAC eligibility, a claimant must show that he was disabled before the age of twenty-two. Id.

must meet the due process requirements of the Fifth Amendment. Richardson v. Belcher, 404 U.S. 78, 81 (1971). In this case, the requirements of the Fifth and Fourteenth Amendments are very similar. See id. The Supreme Court has held that statutory classifications with regard to social welfare programs do not violate due process under the Fifth or Fourteenth Amendments when they are rationally based and free from invidious discrimination. See id.; Dandridge v. Williams, 397 U.S. 471, 487 (1970) (Fourteenth Amendment); Torres v. Shalala, 48 F.3d 887, 890–91 (5th Cir. 1995).

The Fifth Circuit has yet to consider the precise question of whether the nondisability requirements of the DIB program in 42 U.S.C. § 423(c) and 20 C.F.R. § 404.131 violate due process. However, other circuits have considered such equal protection challenges to 42 U.S.C. § 423(c) and have rejected them. See Collier v. Barnhart, 473 F.3d 444, 449–50 (2d Cir. 2007); Harvell v. Chater, 87 F.3d 371, 372–73 (9th Cir. 1996)(per curiam); Fisher v. Sec'y of U. S. Dep't of Health, Educ. & Welfare, 522 F.2d 493, 495 (7th Cir. 1975); Tuttle v. Sec'y of Health, Educ. & Welfare, 504 F.2d 61, 62–63 (10th Cir. 1974); Harbold v. Richardson, 464 F.2d 1063, 1067 (3d Cir. 1972). Moreover, this Circuit has applied 42 U.S.C. § 423(c) in numerous cases. See, e.g., Carey v. Apfel, 230 F.3d 131, 134 (5th Cir. 2000) (noting that the claimant was only eligible for DIB if he became disabled while he still met the insured status requirements of 42 U.S.C. § 423(c)(1)); Milam v. Bowen, 782 F.2d 1284, 1286 (5th Cir. 1986) (same).

Stringer has failed to show that 42 U.S.C. § 423(c) and 20 C.F.R. § 404.131 are not rationally based. As our sister circuits have recognized, the 20/40 rule, which requires a minimal level of earnings during the ten years prior to the onset of disability, has a rational basis. "Congress indicated in legislative history that it is reasonable and desirable that there be reliable means of limiting . . . protection to those persons who have had sufficiently long and sufficiently recent

covered employment to indicate that they probably have been dependent upon their earnings." Collier, 473 F.3d at 449 (internal quotations omitted).

Stringer has not shown that the 20/40 rule is invidiously discriminatory. He alleges that the nondisability requirements of the DIB program are discriminatory towards him because he knows of at least two other people who receive benefits without substantial work history. As the Commissioner notes, however, the record indicates that these other beneficiaries may be receiving benefits under the DAC program based on childhood disabilities. In short, there is no evidence before this panel that the 20/40 rule is discriminatory towards Stringer. Stringer has not shown that the 20/40 rule lacks a rational basis or that it is invidiously discriminatory. Accordingly, we find that Stringer's equal protection claim is without merit.

## IV.  CONCLUSION

We AFFIRM the ruling of the district court.