**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIKE YELLEN, | No.   19-16646 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 1:18-cv-00422-ACK-RT |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted September 8, 2020**
San Francisco, California

Before:  GRABER, BYBEE, and N.R. SMITH, Circuit Judges.

Mike Yellen appeals pro se the district court's dismissal of his action

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

challenging the constitutionality of the earnings requirement of Title II of the Social Security Act, which requires individuals to have worked and paid Social Security taxes for a certain number of years in order to qualify for Social Security Disability Insurance Benefits ("DIB"). Yellen alleges that he was unable to meet the earnings requirement because he was incarcerated. We have jurisdiction under 18 U.S.C. § 1291, and we affirm.

We review *de novo* the district court's dismissal for lack of subject matter jurisdiction. *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013). Yellen did not exhaust his administrative remedies, which is a requirement when filing a suit challenging the denial of an application for DIB. *See* 42 U.S.C. § 405(g); *Dexter*, 731 F.3d at 980. The district court properly concluded that Yellen did not meet the exception to the exhaustion requirement because he did not raise a colorable constitutional claim that the earnings requirement violates equal protection by treating him less favorably than an equally disabled claimant who was not imprisoned and thus able to earn a qualifying income. *See Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992) (per curiam) (judicial review without exhaustion of administrative remedies is available if the claimant shows that his constitutional claim is (1) collateral to his benefits claim, (2) colorable, and (3) "one whose resolution would not serve the purposes of exhaustion") (internal citations

omitted).  As we held in *Harvell v. Chater*, 87 F.3d 371, 373 (9th Cir. 1996) (per curiam), the earnings requirement comports with the Due Process Clause of the Fifth Amendment because it is rationally based and free from invidious discrimination.

The district court also properly dismissed Yellen's claim of disability discrimination in violation of Title II of the Americans with Disabilities Act because such a claim may not be brought to recover on a claim for DIB.  *See* 42 U.S.C. § 405(h).

**AFFIRMED.**